SINGER BROTHERS, INC., Appellant, v. CITY OF GLENDALE, Respondent.

*January 3—January 31, 1967.*

---

[8] 25 C. J. S., Damages, p. 821, sec. 65.

580

For the appellant there was a brief by *Arnold, Murray & O'Neill* of Milwaukee, and oral argument by *Suel O. Arnold*.

For the respondent there was a brief and oral argument by *George D. Prentice*, city attorney.

BEILFUSS, J.  The trial court granted the city's motion for summary judgment and dismissed the action because in its opinion the taxpayer, Singer, had not complied with a statutory prerequisite to its appeal action, viz., it had not paid the instalment due and payable.

Sec. 66.60, Stats., provides procedures by which cities may make special assessments and charges. Pertinent to this appeal is sub. (12) of sec. 66.60, which in part provides:

"(a) If any person having an interest in any parcel of land affected by any determination of the governing body, pursuant to subs. (8) (c), (10) or (11), feels himself aggrieved thereby he may, within 40 days after the date of the notice or of the publication of the final resolution pursuant to sub. (8) (d), appeal therefrom to the circuit court of the county in which such property is situated by causing a written notice of appeal to be served upon the clerk of such city or village and by

executing a bond to the city or village in the sum of $150 with 2 sureties or a bonding company to be approved by the city or village clerk, conditioned for the faithful prosecution of such appeal and the payment of all costs that may be adjudged against him. . . .

". . .

"(d) Upon appeal pursuant to this subsection, the court may, based upon the improvement as actually constructed, render a judgment affirming, annulling or modifying and affirming, as modified, the action or decision of the governing body. If the court finds that any assessment or any award of damages is excessive or insufficient, such assessment or award need not be annulled, but the court may reduce or increase the assessment or award of damages and affirm the same as so modified.

"(e) An appeal under this subsection shall be the sole remedy of any person aggrieved by a determination of the governing body, whether or not the improvement was made according to the plans and specifications therefor, and shall raise any question of law or fact, stated in the notice of appeal, involving the making of such improvement, the assessment of benefits or the award of damages or the levy of any special assessment therefor. The limitation provided for in par. (a) shall not apply to appeals based upon fraud or upon latent defects in the construction of the improvement discovered after such period.

"(f) It shall be a condition to the maintenance of such appeal that any assessment appealed from shall be paid as and when the same or any instalments thereof become due and payable, and upon default in making such payment, any such appeal shall be dismissed."

Singer contends that its complaint and affidavit in opposition to the motion for summary judgment are sufficient to create an issue of fact as to fraud and that if the challenge to the special assessment is based upon fraud that it is not required to pay the instalments due as a condition to the maintenance of the action.[1]

---

[1] The proceedings for challenging a special assessment are more properly designated a special proceeding but this distinction is not germane to issues herein.

Sub. (12) (a) provides that any aggrieved person "may, within 40 days after the date of the notice or of the publication of the final resolution . . . appeal therefrom to the circuit court."

Sub. (12) (e) provides that the appeal provided for in the subsections shall be the "sole remedy" of an aggrieved person and that "[t]he limitation provided for in par. (a) shall not apply to appeals based upon fraud or upon latent defects in the construction of the improvement discovered after such period."

Sub. (12) (f) is as follows:

"It shall be a condition to the maintenance of such appeal that any assessment appealed from shall be paid as and when the same or any instalments thereof become due and payable, and upon default in making such payment, any such appeal shall be dismissed."

The appellant, Singer, argues that the limitations of sub. (12) (a) do not apply to appeals based on fraud. Clearly the limitation of sub. (12) (a) referred to in sub. (12) (e) is the forty-day period in which the action can be commenced. No reference is made to sub. (12) (f) which requires the payment of instalments.

The language of sub. (12) (f) is concise and unambiguous. Its mandate is clear—assessments due and payable must be paid as "a condition to the maintenance of such appeal" and if not paid "any such appeal shall be dismissed."

It is uncontroverted that an assessment in the amount of $3,275.06 became due and payable on January 3, 1966, that notice of the assessment was given to Singer and that no part of the assessment has been paid. Under these undisputed facts and the mandate of the statute the trial court was obligated to grant the motion for summary judgment and dismiss the appeal.

Because we decide that it was incumbent upon the appellant, Singer, to pay the assessment as a condition to

maintain the action, we find it unnecessary to decide whether the complaint and affidavit in opposition to the motion in fact allege fraud.

*By the Court.*—Judgment affirmed.