Alice BIALK, Plaintiff-Respondent,

v.

CITY OF OAK CREEK, a Municipal Corporation, Defendant-Appellant.

Court of Appeals

*No. 79–1703. Submitted on briefs July 8, 1980.— Decided August 13, 1980.*
(Also reported in 297 N.W.2d 43.)

For the defendant-appellant the cause was submitted on the brief of *Schmus and Panosian* and *Roger C. Pyzyk* of Milwaukee.

For the plaintiff-respondent the cause was submitted on the brief of *Thomas E. Dolan* of Milwaukee.

Before Decker, C.J., Cannon, J., and Hanley, Reserve Judge.

CANNON, J. Defendant appeals from a judgment voiding a special assessment against plaintiff for the installation of sanitary sewers and laterals.

The following facts were submitted to the trial court on written stipulation, signed by counsel for both parties and incorporated by reference in the decision of the trial court. Plaintiff is the sole owner of a parcel of real estate located at 10361 South Nicholson Road in the city of Oak Creek. On March 4, 1971, the Oak Creek Common Council passed a preliminary resolution declaring its intent to levy special assessments for the installation of sanitary sewers and laterals on property "fronting" specified streets in the municipality. Nicholson Road was among the streets affected. A copy of the preliminary resolution was mailed to the plaintiff. Pursuant to sec. 66.60(7), Stats., a public hearing was held on March 16, 1971. At the hearing, plaintiff's husband spoke in opposition to the proposed special assessment. The final resolution was approved April 7, 1971. A copy of the final resolution was mailed to plaintiff.

It is undisputed that neither at the time of the adoption of the preliminary resolution nor at the time of the adoption of the final resolution did the property of the plaintiff abut Nicholson Road. A 75-foot strip of property, owned by Helmuth and Esther Schmidt, ran between the plaintiff's property and Nicholson Road. However, on June 10, 1971, the Schmidts executed a quitclaim deed to the defendant which was recorded on June 15, 1971, thereby making plaintiff an abutting property owner. The sanitary sewers and laterals were installed between July 6 and 29, 1971. A lateral was installed servicing plaintiff's property on October 15, 1971. Plaintiff was sent a notice of special assessment in the total amount of $1,483.96 for the installation of the sanitary sewers and laterals. Plaintiff has refused to pay the assessment.

Plaintiff commenced this action on September 30, 1975 to declare the special assessment null and void, to release the lien for the special assessment, to recover accrued interest on the tax deficiency, and to declare her taxes for the years 1971 through 1974 fully paid. Plaintiff's motion for default, and defendant's demurrer were withdrawn. A second answer was filed by defendant. The trial court determined the special assessment to be invalid *ab initio* as the plaintiff was not an abutting property owner at the time the preliminary and final resolutions were approved.

Defendant presents two issues for our determination on appeal:

(1) Did the circuit court err in exercising its jurisdiction over plaintiff's petition, despite plaintiff's failure to follow the procedures set forth in sec. 66.60(12), Stats; and

(2) Did the circuit court err in failing to apply sec. 66.635, Stats., which would permit the court to determine what the plaintiff should be assessed?

We find that the trial court lacked subject matter jurisdiction to hear plaintiff's petition. Consequently, we need not reach the second issue asserted by defendant.

Appeal from the adoption of a final resolution of a municipality is to be made in accordance with sec. 66.60 (12), Stats., which provides in relevant part:

(12) (a) If any person having an interest in any parcel of land affected by any determination of the governing body, pursuant to sub. (8) (c), (10) or (11), feels himself aggrieved thereby he may, within 90 days after the date of the notice or of the publication of the final resolution pursuant to sub. (8) (d), appeal therefrom to the circuit court of the county in which such property is situated. . . .

. . . .

(e) An appeal under this subsection shall be the sole remedy of any person aggrieved by a determination of the governing body, whether or not the improvement was

made according to the plans and specifications therefor, and shall raise any question of law or fact, stated in the notice of appeal, involving the making of such improvement, the assessment of benefits or the award of damages or the levy of any special assessment therefor. The limitation provided for in par. (a) shall not apply to appeals based upon fraud or upon latent defects in the construction of the improvement discovered after such period.

(f) It shall be a condition to the maintenance of such appeal that any assessment appealed from shall be paid as and when the same or any installments thereof become due and payable, and upon default in making such payment, any such appeal shall be dismissed.

Our supreme court, in interpreting the appeal provisions stated in sec. 66.60(12), Stats., has held that failure to strictly comply with these provisions requires dismissal of the appeal. *See Atkins v. Glendale,* 67 Wis.2d 43, 54, 226 N.W.2d 190, 196 (1975) ; and *Singer Brothers v. Glendale,* 33 Wis.2d 579, 584, 148 N.W.2d 100, 102 (1967), where the court dismissed taxpayer complaints for failure to comply with sec. 66.60(12)(f) which requires payment of the challenged assessment as a condition precedent to bringing an appeal.

The Wisconsin court has not expressly held that failure to comply with the exact terms of sec. 66.60(12), Stats., prevents the exercise of subject matter jurisdiction by the circuit court. However, our supreme court has held that failure to comply with sec. 227.16, Stats., governing appeal from administrative findings and orders, presents a question of subject matter jurisdiction of the circuit court which will preclude review by the circuit court. *Wis. Environmental Decade, Inc. v. Public Service Comm'n,* 84 Wis.2d 504, 515, 267 N.W.2d 609, 616 (1978) ; *Cudahy v. Dep't of Revenue,* 66 Wis.2d 253, 261–62, 224 N.W.2d 570, 573 (1974). We find this conclusion to be applicable to sec. 66.60(12) as well.

Plaintiff's cause of action is fatally defective in two respects. First, the action was commenced well in excess of 90 days from the receipt of both the notice of passage of the resolution and from notice of the special assessment, contrary to sec. 66.60(12)(a), Stats. Second, the assessment was never paid, contrary to sec. 66.-60(12)(f). The fact of nonpayment was stipulated to by the parties as follows: "(11) That the plaintiff has refused and still does refuse to pay such special assessments as levied by the City of Oak Creek and that such assessment has not been paid."

Plaintiff contends that the jurisdictional defense is inapplicable for two reasons. First, she argues that defendant has waived the objection, and is thereby precluded from raising it on appeal. We find this contention to be both factually and legally without merit. Defendant withdrew the demurrer filed January 12, 1976, in which defendant questioned the subject matter jurisdiction of the court. However, among the affirmative defenses raised in the second answer filed June 10, 1976, were plaintiff's failure to timely bring the appeal under sec. 66.60(12)(a), Stats., and plaintiff's refusal to pay the assessment. Admittedly defendant did not argue these defenses in its brief submitted to the circuit court. We do not find that such omission constitutes waiver. Even if plaintiff were factually correct, and the omission did constitute waiver, it is elementary that waiver, consent or estoppel may not be used to defend an improper exercise of subject matter jurisdiction. *See* sec. 262.04(a), Stats. (1973); *Wis. Environmental Decade, Inc. v. Public Service Comm'n, supra,* at 515–16, 267 N.W.2d at 616; *Cudahy v. Dep't of Revenue, supra,* at 260, 224 N.W. 2d at 573.

Plaintiff further argues that the appellate procedures contained in sec. 66.60(12), Stats., are inapplicable to this case. We do not agree. Plaintiff has an interest in

474

the property with a Nicholson Road address. This property was affected by the determination made by the governing body to assess plaintiff's property or the improvement pursuant to sec. 66.60(8)(c). Finally, plaintiff obviously felt herself aggrieved by this determination. Therefore, sec. 66.60(12)(a) and (e) make appeal to the circuit court plaintiff's sole remedy, and make compliance with all procedures stated in sec. 66.60(12) mandatory for maintenance of such an appeal.

We, accordingly, find that plaintiff's failure to strictly comply with the express terms of sec. 66.60(12)(a) and (f), Stats., requires dismissal of plaintiff's action for lack of subject matter jurisdiction.

*By the Court.*—Judgment reversed and cause remanded with directions to dismiss the complaint.