Mary AIELLO, Robert Styles and Marcia Styles, Petitioners-Appellants,†

v.

VILLAGE OF PLEASANT PRAIRIE, Respondent-Respondent.

Court of Appeals

*No. 95–1352–FT. Submitted on briefs August 2, 1995.—Decided September 20, 1995.*

(Also reported in 540 N.W.2d 236.)

†Petition to review granted.

On behalf of the petitioners-appellants, the cause was submitted on the briefs of *James F. Kracmer* of Kenosha.

On behalf of the respondent-respondent, the cause was submitted on the brief of *James H. Baxter III* of *Quarles & Brady* of Milwaukee.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

ANDERSON, P.J. Mary Aiello, Robert Styles and Marcia Styles appeal from an order of the trial court wherein the court dismissed their special assessment appeal proceedings. Because we conclude that a cash deposit does not strictly comply with the requirements of § 66.60(12)(a), STATS., we affirm.

Aiello and the Styles appealed to the circuit court from the special assessment of the Village of Pleasant

Prairie for installation of sanitary sewer and municipal water. The Village raised the affirmative defense that the court lacked subject matter jurisdiction over the special assessment appeal because Aiello and the Styles failed to comply with the jurisdictional requirements of § 66.60(12)(a), STATS. The Village argued that no appeal bonds were served on the village clerk for approval. Aiello and the Styles had posted $300 in cash.

The trial court heard argument on the sufficiency of the bond at a status hearing. Subsequently, the court issued a decision stating: "In this instance as harsh as the result may seem, the Circuit Court does not have subject matter jurisdiction because there was not the compliance with the procedures stated in Section 66.60(12)." The court dismissed the proceeding with prejudice. Aiello and the Styles appeal.

Whether Aiello and the Styles fulfilled the procedural requirements of § 66.60(12)(a), STATS., requires the application of facts to a statute. This is a question of law which we review de novo. *First Nat'l Leasing Corp. v. City of Madison*, 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977). We conclude for purposes of this appeal that § 66.60(12)(a) and § 895.346, STATS., which Aiello and the Styles argue permit them to deposit cash, are clear and unambiguous. Therefore, we need not look beyond the statutes themselves to ascertain their meaning. *J.A.L. v. State*, 162 Wis. 2d 940, 962, 471 N.W.2d 493, 502 (1991).

Aiello and the Styles argue that the trial court erred when it dismissed the municipal assessment appeal for failure to post bond when they had deposited cash bond pursuant to § 895.346, STATS. In contrast, the Village contends that Aiello and the Styles failed to

974

comply with the detailed and specific jurisdictional requirements of § 66.60(12)(a), STATS., and § 895.346 was not intended to override the requirements of § 66.60(12)(a).

Section 66.60(12)(a), STATS., provides:

> If any person having an interest in any parcel of land affected by any determination of the governing body . . . feels aggrieved thereby that person may, within 90 days after the date of the notice or of the publication of the final resolution pursuant to sub. (8)(d), appeal therefrom to the circuit court of the county in which such property is situated by causing a written notice of appeal to be served upon the clerk of such city, town or village *and by executing a bond to the city, town or village in the sum of $150 with 2 sureties or a bonding company to be approved by the city, town or village clerk, conditioned for the faithful prosecution of such appeal and the payment of all costs that may be adjudged against that person.* The clerk, in case such appeal is taken, shall make a brief statement of the proceedings had in the matter before the governing body, with its decision thereon, and shall transmit the same with the original or certified copies of all the papers in the matter to the clerk of the circuit court. [Emphasis added.]

The statute requires that a person appealing to the circuit court execute a bond with two sureties or a bonding company.

The Village asserts that *Bialk v. City of Oak Creek*, 98 Wis. 2d 469, 297 N.W.2d 43 (Ct. App. 1980), requires strict compliance with the jurisdictional requirements of § 66.60(12)(a), STATS. In *Bialk*, the plaintiff commenced the action in excess of ninety days contrary to § 66.60(12)(a), and the assessment was never paid contrary to § 66.60(12)(f). *Bialk*, 98 Wis. 2d at 473, 297

N.W.2d at 45. The court stated: "Our supreme court, in interpreting the appeal provisions stated in sec. 66.60(12), Stats., has held that failure to strictly comply with these provisions requires dismissal of the appeal." *Bialk*, 98 Wis. 2d at 472, 297 N.W.2d at 45. The court held that the trial court lacked subject matter jurisdiction to hear the plaintiff's petition. *Id.* at 471, 297 N.W.2d at 44.

■

We are bound to follow the mandate set forth in *Bialk* that failure to strictly comply with § 66.60(12)(a), STATS., requires dismissal of the appeal. One public policy consideration behind strict compliance is to "maintain a simple, orderly, and uniform way of conducting legal business in our courts. Uniformity, consistency, and compliance with procedural rules are important aspects of the administration of justice. If the statutory prescriptions to obtain jurisdiction are to be meaningful they must be unbending." *Gangler v. Wisconsin Elec. Power Co.*, 110 Wis. 2d 649, 660–61, 329 N.W.2d 186, 191 (1983) (quoted source omitted).[1] The policy reason articulated in *Gangler* applies in this case.

■

We conclude that Aiello's and the Styles' deposit of cash in lieu of a surety bond failed to comply with the specific and detailed requirements of § 66.60(12)(a), STATS. We agree with the sentiments of the trial court that this result is very harsh. Although we would rather conclude that substantial compliance is satisfac-

---

[1] As explained in *Kellner v. Christian*, 188 Wis. 2d 525, 525 N.W.2d 286 (Ct. App. 1994), when a statute requires strict compliance, the requirements of the statute are not general guidelines but are rules to which a person must adhere with exacting care. *Id.* at 531-32, 525 N.W.2d at 289.

tory, we have no choice but to follow *Bialk* and the public policy reasoning behind strict compliance.[2] Any further action is a job for the legislature, not for this court.

Because we conclude that Aiello's and the Styles' payment in cash of the fee required in § 66.60(12)(a), STATS., failed to strictly comply with the statute, the trial court lacked subject matter jurisdiction over their appeal.

*By the Court.*—Order affirmed.

NETTESHEIM, J. (*dissenting*). The majority opinion is wrong because it fails to apply § 895.346, STATS. That statute provides in relevant part:

> When any bond or undertaking is authorized in any civil or criminal action or proceeding, the would-be obligor may, in lieu thereof and with like legal effect, deposit with the proper court or officer cash

---

[2] Aiello and the Styles argue that under § 895.346, STATS., their deposit of cash is entitled to "like legal effect" as the surety bond. Section 895.346 provides:

> **Bail, deposit in lieu of bond.** When any bond or undertaking is authorized in any civil or criminal action or proceeding, the would-be obligor may, in lieu thereof and with like legal effect, deposit with the proper court or officer cash or certified bank checks or U.S. bonds or bank certificates of deposit in an amount at least equal to the required security; and the receiver thereof shall give a receipt therefor and shall notify the payor bank of any deposits of bank certificates of deposit. Section 808.07 shall govern the procedure so far as applicable.

If we were to adopt Aiello and the Styles' argument that § 895.346, STATS., allows them to deposit cash to meet the requirements of § 66.60(12)(a), STATS., we would, in effect, be permitting substantial compliance with § 66.60(12)(a). This we cannot do.

977

. . . in an amount at least equal to the required security . . ..

By its clear and express terms, this statute applies in any civil or criminal action or proceeding.

By a footnote, the majority says that the application of § 895.346, STATS., would constitute substantial, not strict, compliance with § 66.60(12)(a), STATS. Majority op. at 977 n.2. I disagree. "Statutes relating to the same subject matter are to be construed together and harmonized." *Cornell University v. Rusk County*, 166 Wis. 2d 811, 819, 481 N.W.2d 485, 489 (Ct. App.), *cert. denied*, 506 U.S. ———, 113 S. Ct. 185 (1992) (quoted source omitted). Section 66.60(12)(a) provides that an aggrieved person who wishes to appeal an assessment ruling must execute a bond to the municipality. Section 895.346 provides that a cash deposit may be made in lieu of a bond. These two statutes do not work at cross purposes. To the contrary, they work hand in glove, offering alternative methods by which the obligor may provide the requisite surety to the municipality.

Because the appellants have complied with the statutory procedure, this case is not governed by *Bialk v. City of Oak Creek*, 98 Wis. 2d 469, 297 N.W.2d 43 (Ct. App. 1980). There, the plaintiff had commenced an appeal well beyond the ninety-day period, but argued that the municipality had waived that defect. The supreme court properly rejected that argument, noting that matters traveling to subject matter jurisdiction could not be waived. *Id.* at 473, 297 N.W.2d at 45.

Here, the appellants do not argue waiver. Instead, they argue that they have strictly complied with the bond requirements of § 66.60(12)(a), STATS., by depositing a cash bond pursuant to § 895.346, STATS. Since this latter statute applies to any civil proceeding, I agree

with the appellants' argument. A proceeding includes "actions and special proceedings."[1] *See* § 801.01(1) STATS.

The majority apparently believes that the only relevant statute on this question is § 66.60(12)(a), STATS., to the exclusion of any other relevant statute. But this approach ignores the basic tenet of statutory construction which requires that a court must apply all statutes relating to the same subject matter. *See Cornell University*, 166 Wis. 2d at 819, 481 N.W.2d at 489. It also ignores the further tenet of statutory construction that the legislature is presumed to know existing law on the subject when it enacts further legislation. *City of Milwaukee v. Kilgore*, 193 Wis. 2d 168, 183, 532 N.W.2d 690, 695 (1995).

Applied in a different context, the majority's reasoning would preclude application of the statutory time computations set out in § 990.001(4), STATS., to the ninety-day time limit for taking an appeal set out in § 66.60(12)(a), STATS. Thus, under the majority's reasoning, if the final day for taking an appeal fell on a Sunday, an appeal filed on the next secular day would be of no effect even though § 990.001(4) would make the appeal timely. Such a result would clearly be wrong. So is the result here.

Not only is the statutory relationship between §§ 66.60(12)(a) and 895.346, STATS., the law on this question, it also makes for eminent common sense. If cash moneys are deposited, the need for a bond is obviated. Sometimes the courts speak about the illogic of the legislature's enactments. *See, e.g., State v. Wil-*

---

[1] A proceeding for challenging a special assessment is more properly designated a special proceeding. *Singer Brothers, Inc. v. City of Glendale*, 33 Wis. 2d 579, 583 n.1, 148 N.W.2d 100, 102 (1967).

*liams*, 186 Wis. 2d 506, 513, 520 N.W.2d 920, 923 (Ct. App. 1994). Here, the tables are turned. The majority opinion has taken a sensible and workable legislative scheme and construed it in a fashion which produces an illogical result, saying that cold hard cash is not as good as a bond.

I respectfully dissent.