Mary AIELLO, Robert Styles and Marcia Styles, Petitioners-Appellants-Petitioners,

v.

VILLAGE OF PLEASANT PRAIRIE, Respondent-Respondent.

Supreme Court

*No. 95–1352–FT. Submitted on briefs October 18, 1996.—Decided December 19, 1996.*

(Also reported in 556 N.W.2d 697.)

For the petitioners-appellants-petitioners there were briefs and oral argument by *James F. Kracmer*, Kenosha.

For the respondent-respondent there was a brief by *James H. Baxter, III* and *Quarles & Brady*, Milwaukee and oral argument by *James H. Baxter, III*.

SHIRLEY S. ABRAHAMSON, C.J. This is a review of a published decision of the court of appeals, *Aiello v. Village of Pleasant Prairie*, 196 Wis. 2d 972, 540 N.W.2d 236 (Ct. App. 1995), affirming an order of the Circuit Court for Kenosha County, Michael S. Fisher, Judge. The Circuit Court dismissed the appeal of property owners Mary Aiello and Marcia and Robert Styles from the special assessment of the Village of Pleasant Prairie for installation of municipal water and sewer services.

The sole question of law presented in the circuit court, court of appeals and this court is whether the circuit court may proceed to hear an appeal from the Village's special assessment when the property owners, instead of executing a bond in accordance with the text of Wis. Stat. § 66.60(12)(a) (1993-94),[1] posted a

---

[1] Wis. Stat. § 66.60(12)(a) provides in pertinent part as follows:

If any person having an interest in any parcel of land affected by any determination of the governing body, pursuant to sub. (8)(c), (10) or (11), feels aggrieved thereby that person may, within 90 days after the date of the notice or of the publication of the final resolution pursuant to sub.(8)(d), appeal therefrom to the circuit court of the county in which such property is situated by causing a written notice of appeal to be served upon the clerk of such city, town or village and by executing a bond to the city, town or village in the sum of $150 with 2 sureties or a bonding company to be approved with the city, town, or village clerk, conditioned for the

cash deposit. We determine questions of law *de novo*, benefiting from the analyses of the circuit court and court of appeals.

We conclude that Wis. Stat. § 66.60(12)(a), when read with Wis. Stat. § 895.346, authorizes a cash deposit in lieu of a bond. Accordingly we conclude that the circuit court may proceed with the appeal. The decision of the court of appeals is reversed, and the cause is remanded to the circuit court for further proceedings.

For the purposes of this review the facts are not in dispute. In 1992 the Village of Pleasant Prairie extended municipal water and sewer services to the property owners. When the work was complete, the Village levied a special assessment against each property, one in the amount of $27,841.75 and the other in the amount of $52,481.90.

On December 5, 1994, the owners of each of the two parcels of real estate made $150 cash payments to the Kenosha County Clerk of Circuit Court for their appeals under § 66.60(12). The clerk accepted the payment and issued a receipt stating, "BOND $300 FOR APPELLANTS SPECIAL PROCEEDINGS."

The Village sought dismissal of the proceeding, asserting that because the property owners failed to comply with the bond requirements of Wis. Stat. § 66.60(12)(a) the circuit court lacked subject matter jurisdiction. Section 66.60(12)(a) provides that a person with an interest in a parcel may appeal "by executing a bond to the. . .village in the sum of $150 with 2 sureties or a bonding company to be approved by the. . .village clerk, conditioned for the faithful prosecu-

---

faithful prosecution of such appeal and the payment of all costs that may be adjudged against that person.

All further statutory references are to the 1993-94 Statutes.

tion of such appeal and the payment of all costs that may be adjudged against that person." The property owners posted cash deposits rather than executing bonds conforming to the requirements of § 66.60(12)(a). Nothing in § 66.60(12)(a) expressly authorizes a cash deposit in lieu of a bond.

The circuit court held that the bond was a jurisdictional requirement which had not been satisfied and that therefore the circuit court lacked subject matter jurisdiction.

The court of appeals affirmed the circuit court's order of dismissal on the ground of a lack of subject matter jurisdiction, The court of appeals relied on *Bialk v. City of Oak Creek*, 98 Wis. 2d 469, 297 N.W.2d 43 (Ct. App. 1980), in which the party did not comply with § 66.60(12)(f) and § 66.60(12)(a). *Bialk* held that paragraphs (f) and (a) of § 66.60(12) make compliance with procedures stated in § 66.60(12) mandatory for maintenance of such an appeal. *Id.* at 474.

Paragraph (f) of § 66.60(12) requires payment of special assessments and mandates dismissal of appeals if such payment is not made. *Bialk* relied on *Atkins v. City of Glendale*, 67 Wis. 2d 43, 53-54, 226 N.W.2d 190 (1975), and *Singer Bros. v. City of Glendale*, 33 Wis. 2d 579, 584-85, 148 N.W.2d 100 (1967), which concluded that failure to comply with § 66.60(12)(f) causes a dismissal of the appeal.

Paragraph (a) of § 66.60(12), in addition to requiring a bond, requires that notice of appeal be served within a 90-day period. Section 66.60(12)(a) has no language similar to the language in § 66.60(12)(f) requiring a dismissal if the bond or 90-day period is not met. The *Bialk* court concluded, however, that because the party failed to comply with the 90-day period the

circuit court lacked subject matter jurisdiction.[2] The § 66.60(12)(a) bond requirement in issue in the present case was not in issue in *Bialk*.

Thus *Bialk*, *Atkins* and *Singer* are distinguishable from the case at bar.

The right of the property owners to proceed in the circuit court is set forth in § 66.60(12). Section 66.60(12)(e) provides that "[a]n appeal under this subsection shall be the sole remedy of any person aggrieved by a determination of the governing body." If the statutory requirements for processing an appeal are to have meaning, they must be adhered to. Compliance with the statutory provisions prescribing the manner for proceeding in the circuit court serves the public policy of maintaining an orderly and uniform way of conducting court business.

The property owners argue that a cash deposit fulfills the purposes of the statutorily required bond.[3] The Village argues that if a cash deposit may substitute for a § 66.60(12)(a) bond, the cash deposit must be authorized by statute, not by the court.

We conclude that a cash deposit is authorized by statute. While § 66.60(12)(a) does not authorize a cash deposit to serve as a bond, another statute does. Section 895.346 authorizes a cash deposit in lieu of "any

---

[2] *Bornemann v. City of New Berlin*, 27 Wis. 2d 102, 109-11, 133 N.W.2d 328 (1965), also suggests that the time requirement of § 66.60(12)(a) must be strictly adhered to.

[3] An appeal bond is meant to protect one in whose favor a judgment is rendered and to prevent frivolous and vexatious litigation. We do not discuss whether a cash deposit meets the objectives of an appeal bond, because reliance on the argument that a substitute is as effective as the statutorily required mechanism is not needed to decide the issue presented.

bond or undertaking. . .in any civil or criminal action or proceeding."[4] The court of appeals erred by failing to consider Wis. Stat. § 895.346 in interpreting Wis. Stat. § 66.60(12)(a).

We agree with the reasoning and conclusion of court of appeals Judge Nettesheim's dissent in this case, 196 Wis. 2d at 977-80. Sections 66.60(12)(a) and 895.346 relate to the same subject matter; they should be construed together and harmonized. *Cornell University v. Rusk Co.*, 166 Wis. 2d 811, 481 N.W.2d 485 (Ct. App. 1992). The two statutes, read together, offer alternative methods by which a party may provide the requisite surety. We adopt Judge Nettesheim's dissent as our opinion.

The Village disputes the harmonization of §§ 895.346 and 66.60(12)(a). First, the Village contends that the title of § 895.346, "bail, deposit in lieu of bond," evidences the legislative intent that § 895.346 be applicable only to bail and not to bonds generally. Although titles are not part of statutes, Wis. Stat. § 990.001(6), they may be helpful in interpretation. Nevertheless text must control over title. The text of § 895.346 is not limited to bail bonds; it expressly applies to "any bond".

Second, the Village argues that the Comment to § 895.346, prepared in 1947 by the Advisory Committee on Rules of Pleading, Practice and Procedure to the Supreme Court, demonstrates the legislature's intent that § 895.346 be limited to bail bonds. The Comment

---

[4] Wis. Stat. § 895.346 provides in pertinent part as follows:

**Bail, deposit in lieu of bond.** When any bond or undertaking is authorized in any civil or criminal action or proceeding, the would-be obligor may, in lieu thereof and with like legal effect, deposit with the proper court or officer cash or certified bank checks or U.S. bonds or bank certificates of deposit in an amount at least equal to the required security.

states in full: "There is a need of a rule to permit the deposit of cash or its equivalent in lieu of a bail bond."[5] Neither the 1947 report of the Advisory Committee nor the Village's brief gives us any further information about the Advisory Committee's draft of § 895.346 or the import of its Comment on § 895.346. That a rule is needed to permit the deposit of cash in lieu of a bail bond does not necessarily mean that the statute was intended to be limited to bail bonds. The text of § 895.346 extends beyond bail bonds. The Advisory Committee's enigmatic Comment cannot, without more, be used to contradict the words of the statute.

Third, the Village asserts that the text of § 895.346 applies to bonds that are "authorized," rather than to bonds that are "required." Because the § 66.60(12)(a) bond in the case at bar is required, the Village asserts that § 895.346 does not apply to it. The Village argues that had the legislature intended § 895.346 to apply to bonds that are "required" it would have used the language it used in § 895.345 referring to bonds that are either "authorized or required." Sections 895.345 and 895.346 cover different subjects. There is nothing to indicate that the legislature intended the difference in the language of the two statutes to have the significance that the Village attributes to it.

The arguments of the Village challenging Judge Nettesheim's dissenting opinion are not persuasive. We adopt the dissenting opinion and read §§ 66.60(12)(a) and 895.346 together. Accordingly we conclude that the property owners' cash deposit in the case at bar is in compliance with § 66.60(12)(a) when correctly read with § 895.346. We therefore reverse the decision of the court of appeals.

[5] The Comment is reprinted in West's Wis. Stats. Ann. § 895.346 (1983).

*By the Court.*—The decision of the court of appeals is reversed and the cause remanded.