Arthur P. GAMROTH, Petitioner-Appellant,

v.

VILLAGE OF JACKSON, Respondent-Respondent.

Court of Appeals

*No. 96–3396. Submitted on briefs September 12, 1997.—Decided November 26, 1997.*

(Also reported in 571 N.W.2d 917.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *John F. Fuchs* and *Susan M. Ruppelt* of *Fuchs, Snow, O'Connell & DeStefanis, S.C.* of Milwaukee.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Phillip J. Eckert* of *O'Meara, Eckert, Pouros & Gonring* of West Bend.

Before Snyder, P.J., Brown and Nettesheim, JJ.

BROWN, J.   In *DNR v. City of Waukesha,* 184 Wis. 2d 178, 191, 515 N.W.2d 888, 893 (1994), decided June 1, 1994, our supreme court resolved long-standing and conflicting interpretations of the notice of claim statute, § 893.80(1), STATS., by deciding that the statute applied to any action, be it tort, money damages or equity. On May 8, 1996, in *State ex rel. Auchinleck v. Town of LaGrange,* 200 Wis. 2d 585, 592–94, 547 N.W.2d 587, 590 (1996), the supreme court drew an

exception to *DNR* and held that the notice of claim time limit was inapplicable to open records and open meetings actions because the specific rights and remedies provided by those statutes take precedence over the provisions of § 893.80. Here, we apply the rationale of *Auchinleck* to actions involving an appeal of a special assessment pursuant to § 66.60(12)(a), STATS. Further, in the interests of justice and judicial administration, we construe Arthur P. Gamroth's action before us to be an appeal of a denial of a motion under either one or all of § 806.07(1)(f), (g) or (h), STATS. We reverse and remand with directions that the trial court apply the law as announced in this decision and order that Gamroth be allowed to proceed with his appeal of an assessment.

The history of this case reveals a labyrinthine set of facts which, along with the statutes and case law, placed Gamroth between Scylla and Charybdis—equally hazardous alternatives.

Gamroth owns property in a tax incremental district (TID). The Village of Jackson determined to levy special assessments on property within the TID and caused a special assessment to be made against Gamroth's property on September 11, 1995. The Village then adopted a resolution authorizing assessment against properties on the basis of total acreage owned within the TID rather than a per-foot basis preferred by Gamroth. The resolution was published on September 30, 1995, in the *West Bend Daily News*.

Because there was a $50,000 difference between the total acreage assessment and the front-footage basis, Gamroth appealed the assessment to the circuit court on November 1, 1995, pursuant to § 66.60(12)(a), STATS. This statute provided that any person feeling aggrieved by a special assessment by a village or city

"may, within 90 days after the date of the notice or of the publication of the final resolution" appeal to the circuit court. *See id.* Gamroth's appeal was timely under this statute.

On December 5, the Village moved to dismiss the appeal, in part because Gamroth failed to comply with the notice of claim provision in § 893.80(1)(b), STATS., 1993–94,[1] prior to filing the appeal against the Village. Section 893.80(1)(b), as pointed out by the Village, says that no action may be brought against a governmental subdivision unless a written notice containing the claimant's address and an itemized statement of the relief sought is first submitted to the village clerk and is disallowed by the village. Disallowance occurs either by notice of disallowance or the passing of 120 days. The Village pointed out that, pursuant to *DNR,* this procedure is required in all cases, not just cases involving claims for money damages against a governmental subdivision.

At a hearing on the motion on December 18, Gamroth's counsel, while conceding that *DNR* applied, made the following statement:

> I had not treated . . . these appeals from assessments . . . as being governed by 893.80, even in spite of the *DNR* case. And that's whether I'm representing a municipality or an applicant or petitioner. And the reason for that, and I know some day the Supreme Court is going to have to address this case again, the appeal time is 90 days. If the *DNR* case means 893.80 applies to this case and you file a claim, you give the municipality the option of sitting

---

[1] We note that since the commencement of this action, § 893.80(1)(b), STATS., was amended and § 893.80(1g) was created by 1995 Wis. Act 158, § 18. This change does not affect our analysis. All references are to the 1993–94 statutes.

on it for six months, then it's deemed denied by law, then you can first take your appeal. And what I have yet to ever reach a conclusion on, in my own mind, is how can you either follow the *DNR* case and comply with 893.80 and still make your 90 day appeal time. It's an impossibility.

Gamroth's counsel moved for dismissal without prejudice so that the claim could comply with § 893.80, STATS., and the trial court, the Honorable James B. Schwalbach presiding, granted it.

Gamroth filed his notice of claim and waited the 120 days. Then he filed his appeal from the assessment. Again, the Village moved to dismiss. Only this time, the Village maintained that Gamroth had failed to abide by the 90-day limitation of § 66.60(12)(a), STATS. The hearing on the motion was held before the Honorable Lawrence F. Waddick. It is apparent from reading the transcript that Judge Waddick understood what had occurred at the hearing before Judge Schwalbach and knew that the law at the time of the hearing before Judge Schwalbach was the *DNR* case. Judge Waddick also knew that *Auchinleck* had been decided between the time that the action before Judge Schwalbach was dismissed without prejudice and the time that the action was commenced before him. The judge acknowledged that *Auchinleck* narrowed *DNR* only with regard to open records and open meetings laws. Nonetheless, the judge was convinced that eventually the supreme court would rule that wherever a statute sets forth specific time limits for beginning a court action, the specific statute will govern over the more general statute—§ 893.80, STATS. The judge was sympathetic to the dilemma Gamroth had been placed in by the timing of the *DNR* and *Auchinleck* cases. Yet, Judge Waddick felt constrained to rule that there was

no jurisdiction "by virtue of the noncompliance with § 66.60 in the 90-day period." Although technically correct, for reasons we will explain later, we reach a different result.

First, we must decide what *Auchinleck* means. Both parties seem to be convinced that *Auchinleck* provides an exception to *DNR* *whenever* the legislature provides a different time limit for commencing a court action. We agree with Judge Waddick, however, that the supreme court did not go that far. In fact, the *Auchinleck* court took pains to point out that *Auchinleck* was confined to open meetings and open records laws. In a footnote, the court wrote:

> Auchinleck also relies on other statutes not at issue in this case that contain various separate enforcement provisions or time limits. He argues that applying the notice of claim requirements to these statutes would lead to absurd results. Although we rely in part on the separate enforcement mechanism of the open records and open meetings laws in this case, we make no determination as to the application of the notice of claim requirements on other statutes which may contain similar enforcement mechanisms.

*Auchinleck*, 200 Wis. 2d at 597 n.10, 547 N.W.2d at 592. It is apparent that the supreme court has adopted a case-by-case approach to resolving whether a statute with specific enforcement methods and time limits will trump § 893.80, STATS.

Judge Waddick recognized this but believed that appeals under § 66.60(12)(a), STATS., should be addressed in the same manner as in *Auchinleck*. We agree. We said in *Aiello v. Village of Pleasant Prairie*, 196 Wis. 2d 972, 976, 540 N.W.2d 236, 238 (Ct. App. 1995), *rev'd on other grounds,* 206 Wis. 2d 67, 556

N.W.2d 697 (1996), that parties must strictly comply with § 66.60(12)(a), which establishes a 90-day limit for commencing an appeal of an assessment in the circuit court. We said that the policy consideration behind this rule is to " 'maintain a simple, ordinary and uniform way of conducting legal business in our courts. Uniformity, consistency and compliance with procedural rules are important aspects of the administration of justice. If the statutory prescriptions are to be meaningful, they must be unbending.' " *Aiello*, 196 Wis. 2d at 976, 540 N.W.2d at 238 (quoted source omitted).

It would be contrary to this policy to expect property owners feeling aggrieved by a village or city assessment to first file a notice of claim, wait up to 120 days for an answer from the assessing body and then file an action that the legislature says must be filed within 90 days. In fact, it is an impossibility, as was cogently pointed out by Gamroth's counsel during the hearing before Judge Schwalbach in the initial action. We extend *Auchinleck* to appeals under § 66.60(12)(a), STATS.

Now we briefly reach the issues framed by the parties. Gamroth contends that Judge Waddick dismissed the second appeal by reasoning as follows: Gamroth should not have voluntarily dismissed his first appeal in order to file a § 893.80(1)(b), STATS., claim. Rather, because he had filed his first appeal within 90 days pursuant to § 66.60(12)(a), STATS., he should have stuck with the first appeal. And *Auchinleck* should be applied retroactively such that compliance with § 893.80 was not the proper means of gaining access to the court.

Having construed Judge Waddick's decision in this light, Gamroth then argues that Judge Waddick was in

error when he retroactively applied a case that was not in existence when the first appeal was heard and argues for reversal on that basis.

But we agree with the Village that Judge Waddick did not retroactively apply *Auchinleck* to the first appeal. We have read Judge Waddick's decision. All he was doing was noting that *Auchinleck* came down after the first appeal was voluntarily dismissed, lamenting that Gamroth was caught by the unfortunate timing of the case's release and wishing that it was not so. Then, Judge Waddick reluctantly concluded that he had no choice but to confine himself to the facts before him by virtue of the second appeal and that the second appeal showed no compliance with the 90-day time limit of § 66.60(12)(a), STATS. We reject Gamroth's first issue.

Gamroth's second issue is that the Village should have been equitably estopped from asserting the 90-day rule as a defense in the second appeal. Gamroth claims that the Village *sub silentio* stipulated to a dismissal of the first action without prejudice so that Gamroth could comply with the notice of claim statute with the proviso that the 90-day time limit of § 66.60(12)(a), STATS., would not be used as a defense by the Village in a future action. While Gamroth concedes that there was no outright stipulation, he nevertheless argues that because the Village did not object to a dismissal without prejudice, the Village agreed to be bound if there was eventual compliance with § 893.80(1)(b), STATS.

Again, the record does not support the claim. At the hearing before Judge Schwalbach, the Village argued that § 893.80(1)(b), STATS., applied. The Village *also* argued that the 90-day limit under § 66.60(12)(a),

260

STATS., applied. The Village never acceded to a belief that one time limit statute was enforceable over the other. Moreover, when Gamroth suggested that the case be dismissed without prejudice so that he could pursue the notice of claim procedure, the Village's attorney was not enthusiastic or the least bit compliant. Instead, he asked the court whether it was going to dismiss the case *with* prejudice. While there was no outright objection to Gamroth's unilateral and voluntary motion, we read the record as showing that the Village's posture remained adversarial. We reject the equitable estoppel claim.

Now we get to an issue which we admit was not raised by Gamroth in his appeal. We are absolutely convinced, however, that the issue lurks throughout both appellate briefs just as it lurked in the trial briefs and the arguments before Judge Waddick. The issue begging to be raised is whether the judgment in the first appeal before Judge Schwalbach should be vacated. Throughout the record, Gamroth continually pointed out that he originally complied with the 90-day rule set forth in § 66.60(12)(a), STATS., and that in the first appeal before Judge Schwalbach, the 90-day compliance was a nonissue. Gamroth continuously pointed out how he nonetheless felt obligated to move to dismiss the first appeal because of the *DNR* case that had been raised by the Village. Throughout the record and the briefs of the parties, Gamroth contended that had *Auchinleck* been decided before the first appeal by Judge Schwalbach, he never would have had to ask the court to voluntarily dismiss the case and he would have had his day in court. Gamroth has uniformly claimed that he is being denied his day in court because of the unusual circumstances surrounding the appeal of his assessment.

We view Gamroth's unstated contention to be that Judge Schwalbach's prior judgment should be vacated because it is no longer equitable and that he should be placed back in the position of a person who properly appealed an assessment within the 90-day time limit under § 66.60(12)(a), STATS. We are convinced that this could be accomplished under either § 806.07(1)(f), (g) or (h), STATS. These statutes read, in pertinent part, as follows:

> **806.07  Relief from judgment or order. (1)** On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:
>
>   . . . .
>
>   (f)  A prior judgment upon which the judgment is based has been reversed or otherwise vacated;
>   (g)  It is no longer equitable that the judgment should have prospective application; or
>   (h)  Any other reasons justifying relief from the operation of the judgment.

Regarding subsec. (1)(f), this case involves a prior judgment (*DNR*) upon which (Judge Schwalbach's) judgment is based which prior judgment has been (functionally) reversed (by *Auchinleck*). Alternatively, under subsec. (1)(g), it is no longer equitable that Judge Schwalbach's judgment should have prospective application. Or, pursuant to subsec. (1)(h), because of the facts and circumstances surrounding this case, vacation of Judge Schwalbach's judgment is justified. Under any scenario or all of them, the result would be that the judgment in the first appeal would be vacated, the second appeal would be dismissed and the parties would proceed with the initial appeal.

If this were the issue before this court, we would readily rule in Gamroth's favor. In fact, while we have no assurance that this would be the case, we surmise that Judge Waddick would have likewise been inclined to grant such a motion. The reason is this. The parties relied on the *DNR* case in the first appeal. The language of that case was so broad as to conflict with legislative policy regarding statutes in other areas of concentration. *Auchinleck* later limited the *DNR* case and provided an exception in open records and open meetings cases. By this decision, we have extended *Auchinleck* to assessment appeals. We are sure that the court of appeals and supreme court will recognize many more such exceptions to *DNR*. To hold Gamroth's reluctant assent to *DNR* in the first appeal against him is inequitable. Judge Schwalbach's decision, while correct at the time, is no longer correct.

The Village seems to anticipate our discomfort with the result in this case and argues that it would not be unreasonable or inequitable to leave Judge Schwalbach's judgment in repose. It contends that what Gamroth should have done was to argue that *DNR* was inapplicable to § 66.60(12)(a), STATS., situations instead of acquiescing to *DNR*. That Gamroth chose to acquiesce to the *DNR* case instead of arguing for an exception to *DNR* is Gamroth's own fault, and we should not help him out of his tactical error. While the Village does not say so, it is essentially arguing waiver. We do not agree. Counsel's obligation at the time was to follow *DNR*. Counsel did not like the case; he thought it to be far too broad. But he chose to respond to the Village's reliance on *DNR* by attempting to comply with it. We choose not to apply waiver.

Normally, we would affirm this case because we have rejected the contentions of Gamroth as raised in

the briefs. We would write dicta that Gamroth has valid § 806.07(1)(f), (g) and (h), STATS., claims. We would signal the circuit court that, should such claims be made, the motions should be looked upon by the circuit court in a favorable light. But we ask aloud why we should cause the trial court to go through that pro forma procedure and waste valuable time and judicial resources when the decision has been all but made by us already. The answer is that we may reverse in the interests of justice. Section 752.35, STATS., states in pertinent part:

> In an appeal to the court of appeals, if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the court may reverse the judgment or order appealed from, regardless of whether the proper motion or objection appears in the record and may direct the entry of the proper judgment . . . .

■ Here, while a motion under § 806.07(1)(f), (g) and/or (h), STATS., was not made, it does not have to be for us to reverse in the interests of justice. And we are not only convinced that there is a probability that justice has miscarried, we are convinced without any doubt that justice has miscarried. We have the same power under § 752.35, STATS., that the supreme court has under § 751.06, STATS. *See Vollmer v. Luety*, 156 Wis. 2d 1, 17, 456 N.W.2d 797, 804–05 (1990). That includes directing the entry of a proper judgment. Thus, in the interests of justice, we reverse and remand with directions that Judge Waddick construe the case before him to have included a motion to vacate Judge Schwalbach's judgment under § 806.07(1)(f), (g) and

(h), that such motion is granted, that the appeal before Judge Schwalbach is reinstated, that the second appeal is dismissed with prejudice and that the appeal will proceed from there.

One final issue is before us. The Village contended before Judge Schwalbach that the appeal was defective, not only for failure to comply with § 893.80(1)(b), STATS., but also because a check for $150 was sent with the appeal rather than a bond in that amount as required by statute. While a majority of the court of appeals panel in *Aiello* agreed that sending money instead of a bond violated the statute, the supreme court reversed the holding and held that a cash deposit instead of a bond is authorized by statute. *See Aiello*, 206 Wis. 2d at 71, 556 N.W.2d at 699. So, the Village's contention is now a nonissue. We direct that the assessment appeal be heard on the merits.

*By the Court.*—Judgment reversed and remanded with directions.