Jay W. SMITH and Debra J. Smith, Plaintiffs,

WEST BEND MUTUAL INSURANCE COMPANY, Intervenor-Plaintiff-Respondent,

v.

Paul KATZ, d/b/a Underroof Building and Design and Robert L. Reisinger, Jr., Defendants,

Philip A. GIUFFRE, Defendant-Third-Party Plaintiff-Appellant-Petitioner,

David A. and Mary A. STAWSKI, Third-Party Defendants.

Supreme Court

*No. 96–1998. Oral argument April 7, 1998.—Decided June 2, 1998.*

(Also reported in 578 N.W.2d 202.)

For the defendant-third party plaintiff-appellant-petitioner there were briefs by *Kent A. Tess-Mattner* and *Schmidt & Rupke, S.C.*, Brookfield and oral argument by *Kent A. Tess-Mattner*.

For the intervenor-plaintiff-respondent there was a brief by *Jeffrey Leavell, Gregory Boe,* and *Jeffrey Leavel, S.C.,* Racine and oral argument by *Jeffrey Leavell*.

¶ 1. N. PATRICK CROOKS, J. This case is on review from an unpublished decision of the court of

appeals.[1] The court of appeals affirmed the judgment of the Milwaukee County Circuit Court, Jacqueline Schellinger, Circuit Judge, granting West Bend Mutual Insurance Company's (West Bend) motion for summary judgment and dismissing West Bend from the action. The circuit court concluded that two exclusions in West Bend's policy of insurance applied to this case and, therefore, West Bend had no duty to defend and indemnify its insured, defendant Philip A. Giuffre (Giuffre). The court of appeals affirmed the judgment of the circuit court, and Giuffre petitioned this court for review.

¶ 2. Upon review, we exercise our discretion to decide whether the alleged property damage in this case occurred during the period for which the insurance policy in the record provides coverage. We conclude that because the alleged property damage took place at some point after March 23, 1993, and the insurance policy provisions state that coverage for property damage ended on September 12, 1991, West Bend has no duty to defend and indemnify Giuffre on the claims filed by Jay and Debra Smith. We affirm the court of appeals' decision for that reason, but remand to the circuit court for a determination of whether another West Bend insurance policy exists which requires West Bend to defend and indemnify Giuffre.

### A.

¶ 3. The facts are not in dispute for purposes of our review. The underlying claim involves Giuffre's sale of a vacant lot in Greenfield, Wisconsin, to Jay and Debra Smith (Smiths) on July 19, 1991. Approximately

---

[1] *Smith v. Katz*, No. 96–1998, unpublished slip op. (Wis. Ct. App. Aug. 12, 1997).

two years after the Smiths purchased the lot from Giuffre, the Smiths hired Paul Katz d/b/a Underroof Building and Design (Katz) to construct a home on the lot. In preparation for the laying of the foundation, Katz excavated some soil and discovered underground springs. Consequently, when Katz began construction, the foundation hole filled with water. The underground springs allegedly caused the concrete foundation to collapse three or four times during construction.

¶ 4. On April 19, 1995, the Smiths filed an action in Milwaukee County Circuit Court against Giuffre stating four claims. Specifically, the Smiths asserted breach of warranty, intentional misrepresentation, strict responsibility misrepresentation, and negligent misrepresentation.[2]

¶ 5. On January 23, 1996, West Bend filed an intervening complaint as Giuffre's insurer under a business insurance policy issued for the period September 12, 1990, through September 12, 1991. In its complaint, West Bend asserted that the language of the insurance policy at issue did not provide a duty to defend and indemnify Giuffre against the Smiths' claims. Accordingly, West Bend sought a declaratory judgment to that effect.

¶ 6. On March 5, 1996, West Bend filed a motion for summary judgment. West Bend cited the language of the insurance policy, which states that the policy provides coverage to Giuffre for "property damage" caused by an "occurrence." Under the terms of West Bend's policy, "property damage" is defined as:

---

[2] On October 26, 1995, the Smiths amended their summons and complaint to include additional named defendants and claims. The claims against Giuffre were not amended.

Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

"Occurrence" is defined in West Bend's insurance policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

¶ 7. West Bend made several arguments that it had no duty to defend and indemnify Giuffre under the terms of the policy. First, West Bend argued that because the Smiths' complaint alleged strictly pecuniary or economic damages, there was no allegation of "property damage" for which the policy would provide coverage. Second, West Bend argued that any alleged misrepresentations by Giuffre did not constitute an "occurrence" for which the policy would provide coverage because the misrepresentations were not an "accident." Third, West Bend argued that the policy did not provide coverage regarding the claim of intentional misrepresentation because the policy specifically excludes coverage for property damage "expected or intended" by the insured. Fourth, West Bend argued that it had no duty to defend and indemnify Giuffre under a "premises you sell" exclusion contained in the policy. Specifically, that provision excludes coverage for " 'property damage' to. . .[p]remises you sell. . .if that 'property damage' arises out of any part of those premises." West Bend argued that because the alleged damage arose from underground springs throughout the vacant lot, the damage arose from premises sold by Giuffre, which the policy does not cover.

¶ 8. A hearing on West Bend's motion for summary judgment was held on March 28, 1996. The circuit court granted West Bend's motion based upon the coverage exclusions listed in the insurance policy. The circuit court first concluded that the policy exclusion for property damage "expected or intended from the standpoint of the insured" excluded coverage regarding the Smiths' intentional misrepresentation claim. The circuit court further concluded that the exclusion regarding "premises you sell" was applicable because the alleged property damage to the foundation "arose out of [the] premises. The part of [the] premises being the ground water." Accordingly, the circuit court dismissed West Bend from the action. Giuffre's motion for reconsideration was denied on July 15, 1996, and he appealed.

¶ 9. The court of appeals affirmed the circuit court's grant of West Bend's motion for summary judgment and dismissal of West Bend from the action. The court of appeals did not specifically consider whether West Bend had a duty to defend and indemnify Giuffre under the coverage provisions of the insurance policy. Rather, the court of appeals addressed the exclusions to the coverage provisions, and concluded that the "premises you sell" exclusion in the policy would negate any duty of West Bend to defend and indemnify Giuffre. The court determined that because the damage allegedly resulted from ground water—which was part of the land Giuffre sold to the Smiths—the property damage arose out of "any part of the premises sold."

B.

¶ 10. This case involves our review of the grant of a motion for summary judgment. We review a motion

for summary judgment de novo, using the same methodology as that employed by the circuit court. *See Shannon v. Shannon*, 150 Wis. 2d 434, 441, 442 N.W.2d 25 (1989). Summary judgment motions are governed by Wis. Stat. § 802.08. Under § 802.08(2), a motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." With regard to the motion for summary judgment in this case, we must consider whether West Bend has a duty to defend and indemnify Giuffre under the terms of its insurance policy.[3] The interpretation of language in an insurance policy is a question of law which we review de novo. *See Lambert v. Wrensch*, 135 Wis. 2d 105, 115, 399 N.W.2d 369 (1987). Although we review questions of law de novo, we benefit from the analyses of the circuit court and the court of appeals. *See Aiello v. Village of Pleasant Prairie*, 206 Wis. 2d 68, 70, 556 N.W.2d 697 (1996).

---

[3] An insurance policy imposes a duty upon the insurer to defend the insured in a third-party claim for damages and a duty to indemnify the insured if the insured is found liable. *See Barber v. Nylund*, 158 Wis. 2d 192, 195, 461 N.W.2d 809 (Ct. App. 1990). An insurer's duty to defend is broader than the duty to indemnify. *See Elliott v. Donahue*, 169 Wis. 2d 310, 320, 485 N.W.2d 403 (1992).

> An insurance carrier's duty to defend [an] insured in a third-party suit is broader than its duty of indemnification and is predicated on allegations in a complaint which, if proved, would give rise to recovery under the terms and conditions of the insurance policy. The duty of defense depends on the nature of the claim and has nothing to do with the merits of the claim. If there is any doubt about the duty to defend, it must be resolved in favor of the insured.

*Id.* at 320–21 (internal citations omitted).

¶ 11. West Bend makes several arguments that the insurance policy language does not provide coverage for Giuffre for the property damage alleged by the Smiths. West Bend reiterates the arguments made to the circuit court and the court of appeals that the Smiths' claimed damages are not "property damage"; that even if there is property damage, it was not caused by an "occurrence"; and that even if there is property damage caused by an occurrence, there are policy exclusions that negate West Bend's duty to defend and indemnify Giuffre. In addition, West Bend now argues that the insurance policy at issue in this case does not provide coverage because the alleged property damage did not occur within the policy period. West Bend did not make this argument to the circuit court or the court of appeals, but raises the issue for the first time to this court.

¶ 12. We will generally not consider issues raised for the first time on appeal. *See State v. Holland Plastics Co.*, 111 Wis. 2d 497, 504, 331 N.W.2d 320 (1983). However, this court may exercise its discretion to reach issues first raised on appeal. In deciding whether to exercise our discretion, we must consider "the facts and circumstances disclosed by the particular record" in a given case. *State ex rel. General Motors Corp. v. City of Oak Creek*, 49 Wis. 2d 299, 319, 182 N.W.2d 481 (1971).

¶ 13. In this case, the policy at issue was filed with the original pleadings presented to the circuit court. This policy was also available to the court of appeals and is part of the record before this court. Both West Bend's and Giuffre's briefs to this court addressed the issue of whether the alleged property damage occurred within the policy period. In addition, Giuffre's counsel was given an opportunity at oral argument to

respond to West Bend's argument that the policy period did not cover the time when the alleged property damage occurred. Further, Giuffre's counsel acknowledged at oral argument that he was "fully aware that this court has the ability to address issues raised for the first time on appeal if it chooses to."

¶ 14. In considering the facts and circumstances of this case, we are satisfied that West Bend's argument that the property damage was not within the policy period does not raise any new genuine issues of material fact. Giuffre's counsel does not dispute that the alleged property damage took place after the construction of the home began in March of 1993. This court has a complete record from which to decide the issue raised. We apply the date of the alleged property damage to the language of the insurance policy to decide, as a matter of law, whether West Bend has a duty to defend and indemnify Giuffre. Because we are presented with an issue of law that can be disposed of "based upon a consideration of the record," *State v. Conway*, 34 Wis. 2d 76, 83, 148 N.W.2d 721 (1967), we conclude this is an appropriate instance in which to exercise our discretion and address an issue raised for the first time on appeal. Accordingly, we consider whether the alleged property damage occurred within the policy period of the only West Bend insurance policy that is part of the record in this case.

¶ 15. The relevant language of Section 1 of the West Bend insurance policy states:

COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement.

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of. . ."property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages.

. . .

b. This insurance applies to. . ."property damage" *only if*:

 (1) The. . ."property damage" is caused by an "occurrence" that takes place in the "coverage territory;" and

 (2) *The. . ."property damage" occurs during the policy period.*

(Emphasis supplied.) The declarations page of the insurance policy at issue states that the policy period is from September 12, 1990, to September 12, 1991. Therefore, the property damage alleged in the Smiths' complaint would have had to occur, or take place,[4] dur-

---

[4] "Occur" as used in Section I.1.b.(2) is not defined within the insurance policy provisions. Insurance policy terms should be given their "common and ordinary meaning which they have in the minds of the average layman." *Kremers-Urban Co. v. American Employers Ins.*, 119 Wis. 2d 722, 740, 351 N.W.2d 156 (1984) (citation omitted). To discern the plain meaning of an insurance policy term, we may seek guidance from a recognized dictionary. *See Holsum Foods v. Home Ins. Co.*, 162 Wis. 2d 563, 568, 469 N.W.2d 918 (Ct. App. 1991). The American Heritage Dictionary of the English Language 1251 (3d ed. 1992), defines "occur" as "[t]o take place" or "come about."

ing the 12-month period between September 12, 1990, and September 12, 1991.

¶ 16. As stated, the four claims alleged in the Smiths' complaint against Giuffre include breach of warranty, intentional misrepresentation, strict responsibility misrepresentation, and negligent misrepresentation. The breach of warranty claim is premised upon warranties allegedly made by Giuffre under the terms of the Smiths' offer to purchase the vacant lot. Each of the three misrepresentation claims is premised upon representations and/or omissions by Giuffre prior to and at the time of the sale of the vacant lot. On March 23, 1993, almost two years after Giuffre sold the vacant lot to the Smiths, the Smiths contracted with Katz to build a home. It was after Katz began excavating soil on the lot in preparation for building the foundation that the underground springs were discovered.

¶ 17. As stated, the West Bend insurance policy covers "property damage" that was caused by an "occurrence." The Smiths claim that the "property damage" is the damage to their foundation wall and the diminished value of their property.[5] The underlying "occurrences" that caused this damage, they assert, are Giuffre's alleged misrepresentations and the groundwater existing on the land.

¶ 18. Any doubt about an insurer's duty to defend an insured in a third-party suit should be resolved in favor of the insured. *See Elliott v. Donahue*, 169 Wis. 2d

---

[5] Giuffre asserts that the Smiths' claim of diminished property value is the diminished property value of the improved property. He contends that the Smiths' "damages were not present at the time of the sale, and only occurred much later." Petitioner's brief at 25.

310, 321, 485 N.W.2d 403 (1992). However, even assuming for purposes of argument that the Smiths sustained "property damage" caused by an "occurrence" as defined in accord with the policy provisions, the property damage did not take place until some time after the construction of the home began on March 23, 1993. The policy period ended on September 12, 1991. Therefore, the alleged property damage did not occur within the policy period as is required under Section I.1.b.(2).[6] Accordingly, West Bend has no duty to defend and indemnify Giuffre for any sums he may be legally obligated to pay to the Smiths.[7]

¶ 19. The only insurance policy in the record before this court does not impose a duty on West Bend to defend and indemnify Giuffre. However, reference was made in the briefs and at oral argument to the effect that Giuffre may have obtained an additional insurance policy or policies from West Bend that may provide coverage for the property damage alleged by the Smiths in their complaint. Therefore, we remand this case so that the circuit court may make further inquiry regarding whether West Bend issued a policy of insurance to Giuffre covering the period in which the

[6] *But Cf. Kremers-Urban*, 119 Wis. 2d at 739. (Under the applicable insurance policy, "[a]lthough the event or accident [the occurrence] which causes the bodily injury [or property damage] must occur during the policy period, there is no provision that bodily injury [or property damage] must result during that period.").

[7] Given our holding that the property damage did not occur within the policy period, it is unnecessary for us to consider whether the coverage provisions of the insurance policy impose a duty on West Bend to defend and indemnify Giuffre, or whether the "premises you sell" exclusion to the coverage provisions, or any other policy exclusion, applies.

property damage allegedly occurred. If an applicable policy exists, the circuit court should consider the language of that policy to determine whether West Bend has a duty to defend and indemnify Giuffre on the claims filed against him by the Smiths.[8]

## C.

¶ 20. In sum, we exercise our discretion to decide whether the alleged property damage in this case occurred during the period for which the insurance policy in the record provided coverage. We conclude that because the property damage took place at some point in time after March 23, 1993, and the insurance policy provisions state that the property damage must have occurred between September 12, 1990, and September 12, 1991, West Bend has no duty to defend and indemnify Giuffre for the breach of warranty and misrepresentation claims filed by the Smiths. We affirm the court of appeals' decision because the alleged property damage did not occur within the policy period. We remand to the circuit court for a determination of whether another West Bend insurance policy exists which requires West Bend to defend and indemnify Giuffre.

*By the Court.*—The decision of the court of appeals is affirmed and the cause is remanded.

---

[8] We recognize that there may be a request in the future asking this court to revisit some of the issues raised. Without the language and coverage period of an applicable West Bend insurance policy in the record, we are unable to resolve such issues now.