## UNITED STATES of America, Appellee,

### v.

## ONE 1990 CHEVROLET CORVETTE, VIN # 1G1YY3384L5104361, WITH ALL APPURTENANCES AND ATTACHMENTS THEREON, Defendant,

### Annie Mae Milliner, Appellant.

### No. 94–1698.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1994.

Decided Oct. 11, 1994.

Rehearing Denied Nov. 10, 1994.

James J. Knappenberger, Clayton, MO, argued, for appellant.

Raymond M. Mayer, Asst. U.S. Atty., St. Louis, MO, argued, for appellee.

Before MORRIS SHEPPARD ARNOLD, Circuit Judge, FLOYD R. GIBSON, and HENLEY, Senior Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

The United States seized and sought forfeiture of the defendant (a 1990 Chevrolet Corvette convertible) pursuant to Title 21, U.S.C. § 881(a)(6), claiming that the Corvette was purchased with proceeds traceable to the sale of controlled substances. The government filed a complaint pursuant to Supplemental Rule C of the Federal Rules of Civil Procedure. Annie Mae Milliner challenged the forfeiture, claiming to be the owner of the Corvette. Following a bench trial, the district court [1] found that the government had established probable cause to believe that the car was purchased with proceeds of trafficking in controlled substances, and found that Milliner had not met her burden to establish that it was not purchased with

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

such proceeds. The court therefore ordered the car forfeited. Milliner appeals.

## I.

St. Louis police officers seized the car after a traffic stop on August 5, 1992. Police officers questioned the car's driver and passenger separately after they stopped the car. The driver, Rodney Chism, and his passenger, Jerry Duane Cummings, gave contradictory information to the police regarding the ownership of the car. Chism told police that the owner of the car was his aunt, who he said was a 36–year–old vice president of a bank who lived in Memphis, Tennessee. Cummings identified the driver as David Johnson, and told police that Johnson owned the car. A check of law-enforcement records revealed that Chism had been the target of an investigation by the DEA and that he had been convicted for trafficking in cocaine; the car's license plates were issued to a four-door Chevrolet, not to a Corvette. The officers then asked Chism and Cummings to accompany them to the police station, and they complied with the officers' request.

At the station Chism made further statements that suggested to police that he was trafficking in controlled substances. He said that he had driven to St. Louis from Memphis and had visited his cousin's house and a car wash. Police had information that both of those locations were involved in the distribution of cocaine. Chism told police that his father was a multi-millionaire who owned a chain of supermarkets in Memphis and that his father had purchased the Corvette and put it in his aunt's name; he said that he was the president of a construction company in Memphis, but declined to give its name, and he gave three separate and inconsistent explanations of the source of the money that he had in his possession, more than one thousand dollars in cash. Although the Corvette was in fact registered to Milliner, she was not a 36–year–old vice president of a bank, but a cleaning woman of about sixty who earned between six and ten thousand dollars each year from 1989 to 1992.

A dog trained to detect controlled substances was allowed to smell the car and the money seized from Chism. The dog alerted to two locations in the car and to an envelope containing the money. No drugs were found in the car, however, and police did not test the car for any residue of controlled substances. Chism did not challenge the forfeiture.

## II.

■ In order to have standing to contest a forfeiture, a claimant must prove that he or she has an ownership interest in the defendant property. *United States v. On Parcel of Property*, 959 F.2d 101, 103 (8th Cir.1992). "An ownership interest, of course, may be evidenced in a number of ways including showings of actual possession, control, title and financial stake." *United States v. On 1945 Douglas C–54 (DC–4) Aircraft*, 647 F.2d 864, 866 (8th Cir.1981) (*Douglas II*), cert. denied sub nom. *Stumpff v. United States*, 454 U.S. 1143, 102 S.Ct. 1002, 71 L.Ed.2d 294 (1982). Milliner apparently held legal title to the Corvette. "However, bare legal title by one who does not exercise dominion and control over the property is insufficient to establish ownership." *United States v. Ford 250 Pickup*, 980 F.2d 1242, 1246 (8th Cir.1992). A nominal owner who lacks possession of the defendant property and did not exercise dominion and control over it does not have an interest sufficient to have standing to challenge forfeiture. *See United States v. One 1945 Douglas C–54 (DC–4) Aircraft*, 604 F.2d 27, 28–29 (1979) (*Douglas I*).

The government established that Milliner lacked the financial means to acquire the Corvette, which sold for almost $42,000. When she testified at trial, she demonstrated a complete lack of familiarity with the car and its features and controls. Furthermore, when told by police that they were seizing his car, Chism said that they could not seize the car because he had it in his aunt's name. Under these circumstances, no reasonable finder of fact could conclude that Milliner was anything other than a nominal owner. Milliner thus lacked standing to challenge the forfeiture.

Because Milliner lacked standing to challenge the forfeiture of the defendant, we

need not consider the merits of her claim that the government failed to show probable cause for the seizure. *See Douglas I, supra,* 604 F.2d at 27 (remanding for a determination of whether the claimant had standing to challenge a forfeiture), and *Douglas II, supra,* 647 F.2d at 864 (affirming the district court's finding that claimant lacked standing).

### III.

For the reasons given, we affirm the judgment of the district court ordering that the defendant Corvette be forfeited to the United States.