Sᴛᴀᴛᴇ of Wisconsin, Plaintiff-Appellant,

v.

Walter A. Kɪʀᴄʜ III, Sharon K. Kirch, and One 1989
Chevrolet Suburban Truck (V.I.N.
1GNFV16C8KF149363), Defendants-Respondents.

Court of Appeals

*No. 98–0582. Submitted on briefs September 4,
1998.—Decided October 29, 1998.*

(Also reported in 587 N.W.2d 919.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *James M. Freimuth*, assistant attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Timothy J. Gaskell* of *Hanson & Gaskell* of Westby.

Before Dykman, P.J., Eich and Roggensack, JJ.

DYKMAN, P.J. The State of Wisconsin appeals from an order dismissing its forfeiture complaint in which it demanded possession of a 1989 Chevrolet Suburban truck that Walter A. Kirch III used to transport a stolen trailer. The State contends that the trial court erred in concluding that Sharon Kirch, Walter Kirch's mother, was the "owner" of the truck, for the purposes of § 973.075(1)(b)2, STATS., because the title was in her name. We agree. We therefore reverse and remand.

## BACKGROUND

On June 1, 1997, Walter A. Kirch III stole Richard Bean's sixteen foot tri-axle trailer from Bean's property. A witness notified the police that he observed a man matching Kirch's description move the trailer from Bean's property using a red Chevrolet Suburban truck with the license plate number SCB–233. The truck was registered to Sharon K. Kirch, Walter's mother. The police eventually located the trailer and arrested Walter Kirch for theft, contrary to §§ 943.20(1)(a) and 943.20(3)(c), STATS., and seized his 1989 Chevrolet Suburban pursuant to § 973.075(1)(b),

600

STATS.[1] Sharon Kirch told the police that while the truck was registered in her name, it belonged to Walter. She stated that he provided the money to purchase the vehicle, as well as the money for the sales tax and registration. She stated at the hearing that the truck was listed in her name because Walter "was undergoing a bankruptcy and he said that he could not have a vehicle in his name."

On July 1, 1997, the State of Wisconsin filed a complaint, pursuant to §§ 973.075 and 973.076, STATS., demanding forfeiture of the 1989 Chevrolet Suburban truck. The State named both Walter and Sharon Kirch as defendants.

The sole issue at the forfeiture hearing was whether Walter or Sharon Kirch was the "owner" of the truck for the purposes of § 973.075(1)(b)2, STATS. This statute provides an "innocent owner" defense, which states that no vehicle is subject to forfeiture by reason of act or omission established by the owners of the vehicle to have been committed without his or her

---

[1] Section 973.075, STATS., provides in pertinent part:

(1) The following are subject to seizure and forfeiture under ss. 973.075 to 973.077:

. . . .

(b) All vehicles, as defined in s. 939.22 (44), which are used to transport any property or weapon used or to be used or received in the commission of any felony, which are used in the commission of a crime under s. 946.70, which are used in the commission of a crime in violation of s. 944.30, 944.31, 944.32, 944.33 or 944.34, which are used in the commission of a crime relating to a submerged cultural resource in violation of s. 44.47 or which are used to cause more than $1,000 worth of criminal damage to cemetery property in violation of s. 943.01 (2) (d) or 943.012, but:

. . . .

2. No vehicle is subject to forfeiture under ss. 973.075 to 973.077 by reason of any act or omission established by the owner of the vehicle to have been committed or omitted without his or her knowledge or consent; . . .

knowledge or consent. The trial court determined that while the term "owner" is not defined in § 973.075, STATS., it is defined in § 340.01(42), STATS., as the person who holds legal title. Based on this definition, the trial court concluded that Sharon Kirch was the "owner" of the truck. And because she had nothing to do with the commission of the crime, the court dismissed the State's forfeiture complaint. The State appeals.

## STANDARD OF REVIEW

The State contends that the trial court erred in interpreting the term "owner," as it is used in § 973.075(1)(b)2, STATS., to mean the individual who holds legal title to the vehicle. The State's assertion presents a question of statutory interpretation. Because statutory interpretation is a question of law, we apply a *de novo* standard of review. *See Hughes v. Chrysler Motors Corp.*, 197 Wis. 2d 973, 978, 542 N.W.2d 148, 149 (1996). The ultimate goal of statutory interpretation is to ascertain and give effect to the intent of the legislature. *Stockbridge Sch. Dist. v. DPI*, 202 Wis. 2d 214, 219, 550 N.W.2d 96, 98 (1996). Our first inquiry is always to the language of the statute. *Cary v. City of Madison*, 203 Wis. 2d 261, 264, 551 N.W.2d 596, 597 (Ct. App. 1996). If a statute is clear on its face, our inquiry ends, because we are prohibited from looking beyond the unambiguous language used by the legislature. *Peter B. v. State*, 184 Wis. 2d 57, 71, 516 N.W.2d 746, 752 (Ct. App. 1994). However, if the language is ambiguous, we may look to the history, scope, context, subject matter, and object of the statute to discern legislative intent. *Lake City Corp. v. City of Mequon*, 207 Wis. 2d 155, 164, 558 N.W.2d 100, 103 (1997). Statutory language is ambiguous if reasonably

well-informed individuals could differ as to its meaning. *Harnischfeger Corp. v. LIRC*, 196 Wis. 2d 650, 662, 539 N.W.2d 98, 103 (1995).

## DISCUSSION

The dispute in this case is over the definition of the term "owner" in § 973.075(1)(b)2, STATS. That section reads: "No vehicle is subject to forfeiture under §§ 973.075 to 973.077 by reason of any act or omission established by the owner of the vehicle to have been committed or omitted without his or her knowledge or consent . . . ." Section 973.075, STATS., does not define "owner," and there are no other statutory sections that define the term as it is used in this subsection. If the legislature does not assign a technical meaning to a statutory word, § 990.01(1), STATS., provides that the word "shall be construed according to common and approved usage."

The Kirches rely on the definition of "owner" in § 340.01(42), STATS., which defines owner as "a person who holds the legal title of a vehicle, except if legal title is held by a secured party . . . ." However, § 340.01, STATS., provides that the definitions in that statute are applicable only to § 23.33, STATS., and chs. 340 to 349 and 351, STATS. Because motor vehicles are commonly transferred, we agree that the common and approved usage of the term "owner" could reasonably mean the person listed on the title.

The State relies on a legal dictionary definition of "owner." We have recognized legal dictionaries as legitimate sources for determining the ordinary and common meaning of words. *See Wood County v. State Bd. of Vocational, Technical & Adult Educ.*, 60 Wis. 2d

606, 614, 211 N.W.2d 617, 620–21 (1973). A legal dictionary defines "owner" as:

> The person in whom is vested the ownership, dominion, or title of property; proprietor. He who has dominion of a thing, real or personal, corporeal or incorporeal, which he has a right to enjoy and do with as he pleases, even to spoil or destroy it, as far as the law permits, unless he be prevented by some agreement or covenant which restrains his right.

BLACK'S LAW DICTIONARY, 1105 (6th ed. 1990). The State asserts that, in light of this definition, ownership is not based solely on legal title, but on dominion and control over the item as well. Such a definition is also reasonable. Because there are two reasonable interpretations of "owner," we conclude that the term is ambiguous for the purposes of statutory construction.

After concluding that a term is ambiguous, we may look to the history, scope, context, subject matter, and object of the statute to discern legislative intent. *Lake City Corp*, 207 Wis. 2d at 164, 558 N.W.2d at 103. Section 973.075, STATS., was created by 1981 Act 267, § 5. The legislature, however, did not include a definition of the word "owner" in 1981 Act 267, § 5. We therefore look to other sources to determine the legislature's intent.

Another provision in 1981 Act 267, was an amendment to § 161.55, STATS. Similar to § 973.075, STATS., § 161.55, which has since been recodified as § 961.55, STATS., is a provision dealing with the forfeiture of property. While § 973.075 is a general forfeiture statute, § 961.55 deals specifically with property used in drug-related crimes. Of particular significance is the fact that §§ 961.55 and 973.075 both include the same "innocent owner" defense language, which bars forfei-

ture if the crime was committed without the property owner's knowledge or consent. Based on these similarities, we are persuaded that, in the absence of contrary evidence, the legislature intended "owner" to have the same meaning in both provisions.

After concluding that § 961.55(1)(d)2, STATS. is analogous, we would ordinarily turn to cases interpreting that statute's use of the term "owner." But no Wisconsin case addresses the meaning of "owner" under § 961.55(1)(d)2. However, § 961.55(1)(d)2 is based on the Uniform Controlled Substances Act, which in turn was based on the federal Controlled Substances Act. We will therefore consider federal cases for guidance as to the meaning of the term "owner" for the purposes of the "innocent owner" defense.[2]

Several federal cases favor the State's interpretation of the term "owner." For example, in *United States v. One 1990 Chevrolet Corvette*, 37 F.3d 421, 422 (8th Cir. 1994), the sixty-year-old aunt of an individual arrested for selling drugs was found not to be the "owner" of the automobile seized at the time of arrest, even though the title to the car was in her name. The court stated that, "a nominal owner who lacks possession of the defendant property and did not exercise dominion and control over it does not have an interest sufficient to have standing to challenge forfeiture." *Id.*

---

[2] The "innocent owner" defense is found in 21 U.S.C. § 881(a)(7). That statute states that all real property that is used to commit or facilitate the commission of a felony in violation of Title 21 shall be subject to forfeiture "except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner."

(citing to *United States v. One 1945 Douglas C–54 (DC–4) Aircraft*, 604 F.2d 27, 28–29 (8th Cir. 1979)).

In *United States v. One 1981 Datsun 280ZX*, 563 F. Supp. 470 (E.D. Penn. 1983), the court reached a similar conclusion. In this case, a father challenged the forfeiture of a car seized during the arrest of his son, claiming that he was the actual owner of the car, not his son. His son was arrested for using the car to facilitate the purchase of a controlled substance. The court looked "to indicia of dominion and control such as possession, title and financial stake" in determining ownership of the car. *Id.* at 474. It noted that "[t]he possession of bare legal title to the res may be insufficient to establish ownership." *Id.* (quoting to *One 1945 Douglas C–54 (DC–4) Aircraft*, 604 F.2d at 28). The court ultimately based its determination on who would actually suffer from the loss of the vehicle. It determined that the son, not the seventy-two-year-old father, would suffer from the car's forfeiture; therefore, the son was the "owner."

In *United States v. One 1971 Porsche Coupe*, 364 F. Supp. 745 (E.D. Penn. 1973), a father challenged the forfeiture of a car that he purchased and gave to his son. While the father retained legal title, the son had possession of the car and exercised dominion and control over it. The court determined that the father was the nominal owner of the car, but that the son was the actual owner for the purposes of forfeiture.

The federal courts continue to consider possession, title, control and financial stake when determining ownership under 21 U.S.C. § 881(a)(7). *See also United States v. One Parcel of Property Located at Route 27, Box 411 (Patterson Road)*, 845 F. Supp. 820 (M.D. Ala. 1993); *United States v. One 1986 Chevrolet Monte Carlo*, 817 F. Supp. 729 (N.D. Ill. 1993); *United States*

*v. Real Property & Improvements Located at 5000 Palmeto Drive*, 928 F.2d 373 (11th Cir. 1991). We therefore consider these factors when determining ownership for the purposes of § 973.075(1)(b)2, STATS.

While Sharon Kirch is listed on the Chevrolet Suburban's title as the owner, she had no financial stake in the truck, because the truck was purchased entirely by Walter. Nor did she possess or have control over the actual vehicle. She has not claimed ownership of the truck. In fact, she twice stated that the truck "belongs to" her son, and that she was only listed as owner because her son "was undergoing a bankruptcy" and did not want the truck in his name. These are not the indicia of an "owner" of a vehicle. As a result, we conclude that Sharon Kirch is not the "owner" of the Chevrolet Suburban as that term is used in § 973.075(1)(b)2, STATS.

*By the Court.*—Order reversed and cause remanded.