OUTAGAMIE COUNTY, Plaintiff-Appellant,

v.

TOWN OF GREENVILLE, Defendant-Respondent.

Court of Appeals

*No. 99–1575. Submitted on briefs January 12, 2000.—Decided
February 8, 2000.*

## 2000 WI App 65

(Also reported in 608 N.W.2d 414.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *John Koeppl* of *Dewitt, Ross & Stevens, S.C.* of Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Richard J. Carlson* of *Silton, Seifert, Carlson & Gamble, S.C.* of Appleton. .

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. Outagamie County appeals from an order granting the Town of Greenville's motion to dismiss the County's appeal from special assessments levied by the Town against County-owned property. The County argues that the circuit court erred by granting the motion to dismiss because the County complied with the appeal procedures set forth in WIS. STAT. § 66.60(12)(a).[1] Specifically, within ninety days after publication of the final resolution levying special assessments, the County filed its notice of appeal and $150 bond with the town clerk. The Town, however, contends that the express terms of § 66.60(12)(a) provided the County ninety days from the final resolution's publication to file its special assessment appeal with the circuit court, then execute the $150 bond and serve its notice of appeal on the town clerk. We conclude that the statute is ambiguous by its terms, but that its ambiguity should be construed in favor of the County, as landowner. Accordingly, we reverse the order and remand to the circuit court for further proceedings consistent with this opinion.

---

[1] All references to the Wisconsin statutes are to the 1997–98 version unless otherwise noted.

## BACKGROUND

¶ 2. The facts are undisputed. On July 13, 1998, the Town levied special assessments against certain County-owned properties. The final resolution was published on August 4. On October 9, the County served the town clerk with a "Notice of Appeal," a $150 cost bond and a $122 filing fee payable to the Outagamie County clerk of court. The town clerk retained the notice and cost bond, but returned the filing fee check to the County on October 12.

¶ 3. On November 11, the County learned that its notice of appeal had not been filed with the Outagamie County clerk of court. In order to facilitate its motion to compel filing, the County ultimately paid the filing fee and filed its notice of appeal with the Outagamie County clerk of court on November 12. The Town thereafter transmitted its record to the clerk of court and moved the court to dismiss the County's appeal for lack of subject matter jurisdiction. Specifically, the Town argued that the County had failed to timely file its notice of appeal within ninety days of the final resolution's publication, contrary to WIS. STAT. § 66.60(12)(a). The circuit court granted the motion to dismiss, and this appeal followed.

## ANALYSIS

■

¶ 4. The County contends that because it strictly complied with the procedural requirements of WIS. STAT. § 66.60(12)(a), the circuit court erred by granting the Town's motion to dismiss. The County's contention presents a question of statutory interpretation, a question of law that we review de novo. *See State v. Kirch,* 222 Wis. 2d 598, 602, 587 N.W.2d 919 (Ct. App. 1998).

The goal of statutory interpretation is to determine and give effect to the legislature's intent. *See id.* We must first look to the statute's plain language and if it is unambiguous, "we are prohibited from looking beyond the unambiguous language used by the legislature." *Id.* However, if the statute is ambiguous, "we may look to the history, scope, context, subject matter, and object of the statute to discern legislative intent." *Id.* "Statutory language is ambiguous if reasonably well-informed individuals could differ as to its meaning." *Id.* at 602–03. Accordingly, we turn to the language of § 66.60(12)(a).

¶ 5. WISCONSIN STAT. § 66.60(12)(a) provides:

> If any person having an interest in any parcel of land affected by any determination of the governing body, pursuant to sub. (8)(c), (10) or (11), feels aggrieved thereby *that person may, within 90 days after the date of the notice or of the publication of the final resolution pursuant to sub. (8)(d), appeal therefrom to the circuit court of the county in which such property is situated by causing a written notice of appeal to be served upon the clerk of such city, town or village and by executing a bond to the city, town or village in the sum of $150* with 2 sureties or a bonding company to be approved by the city, town or village clerk, conditioned for the faithful prosecution of such appeal and the payment of all costs that may be adjudged against that person. The clerk, in case such appeal is taken, shall make a brief statement of the proceedings had in the matter before the governing body, with its decision thereon, and shall transmit the same with the original or certified copies of all the papers in the matter to the clerk of the circuit court. (Emphasis added.)

The County argues that § 66.60(12)(a) unambiguously provides that it could, within ninety days after publica-

tion of the final resolution, appeal the special assessment to the circuit court by serving a written notice of appeal upon the town clerk and by executing a $150 bond to the Town. Conversely, the Town asserts that the express terms of § 66.60(12)(a) required the County, within ninety days after the final resolution's publication, to first file its special assessment appeal with the circuit court and then execute the $150 bond and serve its notice of appeal on the town clerk.

¶ 6. Although the Town cites certain procedural statutes to support its position that the County should have first filed its appeal of the special assessment in circuit court, the County contends that these statutes are either inapplicable to the instant facts or otherwise support the County's interpretation of the statute. The Town cites WIS. STAT. § 893.02, which provides:

> An action is commenced, within the meaning of any provision of law which limits the time for the commencement of an action, as to each defendant, when the summons naming the defendant and the complaint are filed with the court, but no action shall be deemed commenced as to any defendant upon whom service of authenticated copies of the summons and complaint has not been made within 90 days after filing.

██

¶ 7. The County contends that WIS. STAT. § 893.02 relates to the commencement of "an action." A proceeding challenging a special assessment, however, is properly characterized as a special proceeding. *See Singer Bros. v. City of Glendale,* 33 Wis. 2d 579, 583 n.1, 148 N.W.2d 100 (1967). Therefore, the County argues that § 893.02 is inapplicable.

¶ 8. The Town also cites WIS. STAT. § 227.53(1)(a)1, asserting that this statute, which gov-

erns the proceedings for review of administrative decisions, is analogous to an appeal of a special assessment. Section 227.53(1)(a)1 provides in pertinent part:

> Proceedings for review shall be instituted by serving a petition therefor personally or by certified mail upon the agency or one of its officials, *and filing the petition in the office of the clerk of the circuit court* for the county where the judicial review proceedings are to be held. (Emphasis added.)

However, as the County contends, § 227.53(1)(a)1 expressly requires an aggrieved person to file a petition for review in circuit court, while WIS. STAT. § 66.60(12)(a) does not.

¶ 9. This court has recognized that "[i]f a statute contains a given provision, 'the omission of such provision from a similar statute concerning a related subject is significant in showing that a different intention existed.'" *State v. Deborah J.Z.*, 228 Wis. 2d 468, 475–76, 596 N.W.2d 490 (Ct. App. 1999) (quoting *Kimberly-Clark Corp. v. PSC*, 110 Wis. 2d 455, 463, 329 N.W.2d 143 (1983)). Because the express terms of other procedural statutes, such as WIS. STAT. § 227.53(1)(a)1, specifically mandate filing an appeal with the circuit court, while WIS. STAT. § 66.60(12)(a) does not, it was reasonable for the County to assume it had complied with § 66.60(12)(a) when, within ninety days of the final resolution's publication, it executed the $150 bond and served its notice of appeal on the town clerk.

¶ 10. Apart from comparing WIS. STAT. § 66.60(12)(a) to other procedural statutes, the Town, in support of its interpretation, argues that the statute expressly provides that the appeal of a special assessment is made to the circuit court. The Town therefore

contends that the statute must be interpreted so as to confer jurisdiction on the circuit court. It states: "As in any matter for which a person seeks to invoke the jurisdiction of the court to prosecute a claim, review a determination or hear an appeal, it is necessary to file the claim, request for review or appeal with the court." Further, and as the circuit court noted, the County's interpretation of the statute contrasts with the goal of final resolution. Specifically, the County's interpretation imposes no time limit for actually filing the appeal with the circuit court, as long as the County executes the $150 bond and serves the notice of appeal on the town clerk within ninety days of publication of the final resolution levying the special assessment. We therefore conclude that the Town's interpretation, like that of the County's, is reasonable. Because both interpretations are reasonable, we conclude that § 66.60(12)(a) is ambiguous. *See Kirch*, 222 Wis. 2d at 602.

¶ 11. Our supreme court has held that "where an ambiguity exists, '[p]rocedural statutes are to be liberally construed so as to permit a determination upon the merits of the controversy if such construction is possible.' " *DOT v. Peterson*, 226 Wis. 2d 623, 633, 594 N.W.2d 765 (1999) (quoting *Kyncl v. Kenosha County*, 37 Wis. 2d 547, 555–56, 155 N.W.2d 583 (1968)). The *Peterson* court further held that "where a procedural statute does not provide specific direction for compliance, the ambiguity is to be resolved in favor of the [landowner]."[2] *Id*. Here, the procedural ambiguity cre-

---

[2] In *DOT v. Peterson*, 226 Wis. 2d 623, 594 N.W.2d 765 (1999), an ambiguity arose from the interpretation of Wis. Stat. §§ 32.05(9) and 32.01 (1995–96), regarding the procedure for appealing a condemnation of property. The service of process provision in § 32.05(9)(a) provided that notice be given "to the

ated by the statute's terms led the County to believe that it had complied with WIS. STAT. § 66.60(12)(a) when it timely served the town clerk with its notice of appeal and executed the $150 bond. Consistent with our supreme court's decision in *Peterson*, the procedural ambiguity created by the terms of § 66.60(12)(a) must be resolved in favor of the County. *See Peterson*, 226 Wis. 2d at 633–34.

¶ 12. The question remains, however, whether the Town or the County had the ultimate obligation to file the appeal with the clerk of circuit court. The County contends that the Town was obligated to file the appeal and cites the following language in support of its contention:

> The clerk, in case such appeal is taken, shall make a brief statement of the proceedings had in the matter before the governing body, with its decision thereon, *and shall transmit the same with the original or certified copies of all the papers in the matter to the clerk of the circuit court.*

WISCONSIN STATS. § 66.60(12)(a) (emphasis added). The Town emphasizes the language of other procedural statutes that specifically require an aggrieved party to

clerk of the court and to all other persons . . . who were parties to the award." The court recognized that because the property had been condemned by the Department of Transportation, "[s]ervice on the DOT would seem intuitively correct." *Peterson*, 226 Wis. 2d at 632. However, the term "person" in § 32.05(9) was defined in § 32.01 as "the state" and not as any particular department of the state. Rather than serving the DOT, the landowners served the attorney general, as the designated service agent for the State of Wisconsin. *See Peterson*, 226 Wis. 2d at 632.

file his or her action or appeal with the clerk of circuit court. We need not reach the merits of the parties' arguments, however, as the County ultimately filed its notice of appeal with the clerk of circuit court. Although the Town contends that the filing was untimely as falling outside the time limit established in the statute, we have already concluded that the County reasonably interpreted the ninety-day limit as applicable to the execution of the $150 bond and service of the notice of appeal on the town clerk.[3] It is undisputed that the County served its notice of appeal on the town clerk and executed the $150 bond within ninety days of the final resolution's publication. Accordingly, because the County timely complied with its reasonable interpretation of the appeal procedures mandated by § 66.60(12)(a), we conclude that the circuit court erred by granting the Town's motion to dismiss for lack of subject matter jurisdiction.[4]

---

[3] Certainly, the better procedure is for an aggrieved party to first file its notice of appeal with the circuit court and then serve the notice on the appropriate party—here, the town clerk. Filing first with the circuit court would have created a court file to which the town clerk could transmit the requisite documents. However, as stated, we conclude that the County reasonably interpreted the 90-day limit as applicable to the execution of the bond and service of the notice of appeal on the town clerk, as opposed to limiting the time in which to file the appeal with the circuit court.

[4] We refrain from addressing the County's alternative arguments because only dispositive issues need be addressed. *See* *Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983).

*By the Court.*—Order reversed and cause remanded.