JoAnn R. ALWIN and Walter F. Alwin, Plaintiffs-
Appellants,†

v.

STATE FARM FIRE AND CASUALTY COMPANY, Defendant-
Respondent,

Donna SHALALA, Secretary of the Department of
Health and Human Services, and Blue Cross & Blue
Shield United of Wisconsin, Nominal-Defendants.

Court of Appeals

*No. 99–1957. Submitted on briefs February 24,
2000.—Decided March 28, 2000.*

**2000 WI App 92**

(Also reported in 610 N.W.2d 218.)

†Petition to review denied.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *D. J. Weis* of *Habush, Habush, Davis & Rottier, S.C.* of Rhinelander.

On behalf of the defendant-respondent, the cause was submitted on the brief of *David A. Piehler* and *Douglas Bauman* of *Piehler & Strande, S.C.* of Wausau.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1.   CANE, C.J.   JoAnn and Walter Alwin appeal from a summary judgment dismissing their claim against State Farm Fire and Casualty Company. The Alwins argue that the circuit court erred by concluding, as a matter of law, that WIS. STAT. § 174.02(1)(a),[1] commonly known as "the dog bite statute," is inapplicable to the facts of their case. Although § 174.02(1)(a) is a strict liability statute applicable to the instant facts, we nevertheless determine that State Farm's liability under the statute is precluded by public policy considerations. The judgment is therefore affirmed.

¶ 2.   The relevant facts are undisputed. The Alwins attended a dinner party at the home of their daughter, Pamela Fullerton, State Farm's insured. Sometime during dinner, the Fullerton's dog, Tess, fell asleep on the floor behind JoAnn's chair. During dinner, JoAnn quickly excused herself from the table. As she stood up and turned to leave, she tripped and fell over the sleeping dog, sustaining injuries.

¶ 3.   The Alwins brought suit against State Farm, alleging that its insureds were statutorily liable under WIS. STAT. § 174.02(1)(a). The circuit court, granting

---

[1] All statutory references are to the 1997–98 version unless otherwise noted.

State Farm's subsequent motion for summary judgment, found that the statute was inapplicable to facts such as these where the dog did not actively engage in any conduct but, rather, lay sleeping. Alternatively, the court concluded that JoAnn's negligence exceeded that of her daughter's as a matter of law. This appeal followed.[2]

¶ 4.    Whether summary judgment was appropriately granted presents a question of law that we review independently of the circuit court. *See Fortier v. Flambeau Plastics Co.*, 164 Wis. 2d 639, 651–52, 476 N.W.2d 593 (Ct. App. 1991). When reviewing summary judgments, we utilize the same analysis as the circuit court and must apply the standards set forth in WIS. STAT. § 802.08(2). *See Schultz v. Industrial Coils*, 125 Wis. 2d 520, 521, 373 N.W.2d 74 (Ct. App. 1985). In general, "summary judgment is proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Kenefick v. Hitchcock*, 187 Wis. 2d 218, 224, 522 N.W.2d 261 (Ct. App. 1994).

¶ 5.    Initially, we note that the statute's common name is a misnomer, as liability is not dependent on a dog bite. We will therefore refer to WIS. STAT. § 174.02(1)(a) as the "dog owner statute." The issue here is whether the circuit court erred by refusing to

---

[2] Although the facts of this case may support an action alleging ordinary negligence against Pamela Fullerton, the dog owner, the Alwins do not allege that Fullerton's negligence caused JoAnn's injuries. In fact, the Alwins emphasize their belief that Fullerton is not negligent in this matter. Therefore, we address only the question of liability under WIS. STAT. § 174.02(1)(a).

apply the dog owner statute to these facts. This presents a question of statutory interpretation, a question of law that we review de novo. *See State v. Kirch*, 222 Wis. 2d 598, 602, 587 N.W.2d 919 (Ct. App. 1998).

¶ 6.    WISCONSIN STAT. § 174.02(1)(a) provides, in part: "Subject to s. 895.045 [contributory negligence], the owner of a dog is liable for the full amount of damages caused by the dog injuring or causing injury to a person, domestic animal or property." The Alwins argue that the dog owner statute imposes strict liability on a dog owner for even the innocent behavior of his or her dog. We agree.

¶ 7.    A similar issue arose in *Becker v. State Farm Mut. Auto. Ins. Co.*, 141 Wis. 2d 804, 416 N.W.2d 906 (Ct. App. 1987). There, a dog broke out of its penned enclosure, darted onto a roadway, and caused an automobile driver to take evasive action, resulting in an accident. *See id.* at 807. The driver argued that the dog owner statute then in existence, WIS. STAT. § 174.02(1)(a) (1983–84), established strict liability on the dog owner, subject only to the defense of comparative negligence.

¶ 8.    The statute at issue in *Becker* provided, in part: "The owner of a dog may be liable for the full amount of damages caused by the dog injuring or causing injury to a person, livestock or property." WIS. STAT. § 174.02(1)(a) (1983–84) (emphasis added). In interpreting the statute, the *Becker* court considered how the language of the statute had changed over time. *See Becker*, 141 Wis. 2d at 813.

¶ 9.    The language of the predecessor statute provided that "The owner of a dog is liable for the full amount of damages . . . ." WIS. STAT. § 174.02(1)(a) (1981–82) (emphasis added). The succeeding statute, with language nearly identical to the present statute,

provided: "Subject to s. 895.045, the owner of a dog is liable for the full amount of damages caused by the dog injuring or causing injury to a person, livestock [now, domestic animal] or property." WIS. STAT. § 174.02(1)(a) (1985–86) (emphasis added).

¶ 10.   Given the evolution of the statute's language, the *Becker* court concluded that the statute imposed strict liability on dog owners, but that an owner's liability was nevertheless subject to comparative negligence principles. *See Becker*, 141 Wis. 2d at 815. The dog owner nevertheless urged the *Becker* court to "carve out an exception to this strict liability statute for instances involving 'innocent acts' of a dog." *Id*. at 816. The owner asserted that the absence of an exception would "lead to absurd and unreasonable results in certain hypothetical cases." *Id*. at 817. Interestingly, the owner posited that under a "no exception" strict liability approach, "an owner would be liable to a person who trips over a sleeping dog." *Id*. The court, without deciding whether liability would attach under the sleeping dog hypothetical, stated that the "[h]arshness of result in certain extreme situations is a social price sometimes paid for the perceived benefits of the strict liability policy." *Id*. Accordingly, we conclude that the dog owner statute applies to the present facts.

¶ 11.   Nevertheless, the strict liability imposed by the dog owner statute is tempered by three considerations—"public policy, the rules of comparative negligence and the rules of causation." *Id*. We conclude that public policy considerations preclude liability under the facts of this case.

446

■ ¶ 12.　The *Becker* court recognized that public policy considerations may preclude liability even where negligence and negligence as a cause-in-fact of injury are present. *See id.* It noted the following public policy reasons for not imposing liability despite a finding of negligence:

> (1) the injury is too remote from the negligence; or (2) the injury is too wholly out of proportion to the culpability of the negligent tortfeasor; or (3) in retrospect it appears too highly extraordinary that the negligence should have brought about the harm; or (4) because allowance of recovery would place too unreasonable a burden on the negligent tortfeasor; or (5) because allowance of recovery would be too likely to open the way for fraudulent claims; or (6) allowance for recovery would enter a field that has no sensible or just stopping point.

*Id.* at 817–18. "These considerations must be addressed on a case-by-case basis." *Id.* at 818. Further, the presence of any one of these factors is sufficient to bar recovery on public policy grounds. *See Rieck v. Medical Protective Co.*, 64 Wis. 2d 514, 518, 219 N.W.2d 242 (1974).[3]

---

[3] State Farm, citing law from other jurisdictions, argues that the dog owner statute is inapplicable where the dog takes no affirmative or aggressive action against the injured party. *See e.g., Rutland v. Biel*, 277 So. 2d 807, 809 (Fla. Dist. Ct. App. 1973); *Jones v. Utica Mut. Ins. Co.*, 463 So. 2d 1153, 1157 (Fla. 1985); *Bailey v. Bly*, 231 N.E.2d 8, 9 (Ill. App. 1967); *Smith v. Jett Hill Farm, Inc.*, 579 N.E.2d 295 (Ohio Misc.2d 1989). Although persuasive, we need not adopt this "affirmative action" requirement in light of our rationale in *Becker v. State Farm Mut. Auto. Ins. Co.*, 141 Wis. 2d 804, 416 N.W.2d 906 (Ct. App. 1987).

¶ 13.  State Farm argues that allowing recovery in this case would enter a field that has no sensible or just stopping point. We agree. The sphere of liability is not well defined where, as here, a dog is but a passive instrumentality leading to injury. As State Farm points out, if recovery is allowed where a dog is doing nothing more than sleeping on a floor, it is difficult to imagine a set of circumstances in which liability would not arise under WIS. STAT. § 174.02(1)(a), where a dog happened to be anywhere near an injury-producing accident. Public policy necessarily precludes such an expansive application of liability.

¶ 14.  Further, we believe that to impose liability under the dog owner statute for injuries arising solely from a sleeping dog would effectively result in a pure penalty for dog ownership. Accordingly, we conclude that although the dog owner statute is applicable to the present facts, liability is nevertheless precluded by considerations of public policy.[4]

*By the Court.*—Judgment affirmed.

---

[4] Because we determine that public policy considerations preclude liability under the dog owner statute, we need not address the parties' arguments regarding causation or contributory negligence. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (only dispositive issues need be addressed).