Michael MAYEK, Plaintiff-Appellant,

v.

CLOVERLEAF LAKES SANITARY DISTRICT #1, Defendant-Respondent.

Court of Appeals

*No. 99–2895. Submitted on briefs May 23, 2000.—Decided July 18, 2000.*

## 2000 WI App 182

(Also reported in 617 N.W.2d 235.)

On behalf of the briefs of plaintiff-appellant, the cause was submitted on the briefs of *Kathryn A. Keppel* and *Raymond M. Dall'Osto* and *Gimbel, Reilly, Guerin & Brown* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Wendy Schmidt Larson* and *Kasdorf, Lewis & Swietlik, S.C.* of Green Bay.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1.   HOOVER, P.J.   Michael Mayek appeals the order dismissing that portion of his action appealing a special assessment of the Cloverleaf Lakes Sanitary District No. 1. He contends that the circuit court erroneously determined that he failed to comply with the requirements of WIS. STAT. § 66.60(12).[1] He claims that he complied with the statutory requirements and should be permitted to maintain his appeal of the special assessment. We agree and, accordingly, the order is reversed.

## BACKGROUND

¶ 2.   Mayek owned four parcels of real estate located in the Town of Belle Plaine in Shawano County. The parcels were part of the Cloverleaf Lakes Sanitary District No. 1. In 1996, the district was constructing a sanitary sewer system near Mayek's property. Mayek took the opportunity to extend sewer service to his property.[2] In August 1998, the district created a new assessment district, which was limited to the four parcels Mayek owned. It authorized the levy of a special assessment on August 12, 1998. Mayek challenged the assessment on the same day it was levied by filing his

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version.

[2] Mayek apparently paid the cost of having the service extended to his property. He did not contribute toward the cost of the pumping stations and other sanitary system infrastructure that were included in the project.

265

summons and complaint with the circuit court and serving it on the district's clerk.[3] The district published the final resolution on August 23, 1998.[4]

¶ 3.   At a summary judgment motion hearing, the district for the first time asserted that the circuit court lacked jurisdiction because Mayek had failed to comply with WIS. STAT. § 66.60(12). Specifically, the district claimed that Mayek's complaint was not an appeal, that the summons and complaint were filed before the official notice of the assessment was mailed or published and that Mayek erroneously served the clerk of the sanitary district, rather than the clerk of a city, town or village. The court granted the district's motion, dismissing all of Mayek's claims except his equal protection claim. It concluded that Mayek had failed to comply with § 66.60(12) and that the circuit court therefore lacked jurisdiction over the proceedings. Mayek's appeal followed.

## DISCUSSION

¶ 4.   Mayek contends that because he complied with the procedural requirements of WIS. STAT. § 66.60(12)(a), the circuit court erred by granting the district's motion to dismiss. Mayek's contention

---

[3] Mayek also posted a cash bond with the court. He contends that *Aiello v. Village of Pleasant Prairie*, 206 Wis. 2d 68, 556 N.W.2d 697 (1996), permitted him to do so and the district did not refute his position. As such, the district admits Mayek complied with this requirement. *See Charolais Breeding Ranches, Ltd. v. FPC Secs. Corp.*, 90 Wis. 2d 97, 109, 297 N.W.2d 493 (Ct. App. 1979).

[4] The record does not disclose when, or if, a copy of the final resolution was sent to Mayek as required by WIS. STAT. § 66.60(8)(d).

presents a question of statutory interpretation and application of the statute to undisputed facts, questions of law that we review de novo. *See Nelson v. McLaughlin*, 211 Wis. 2d 487, 495, 565 N.W.2d 123 (1997). The goal of statutory interpretation is to determine and give effect to the legislature's intent. *See Lake City Corp. v. City of Mequon*, 207 Wis. 2d 155, 162, 558 N.W.2d 100 (1997). We must first look to the statute's plain language and if it is unambiguous, "we are prohibited from looking beyond such language to ascertain its meaning." *Id.* at 163. However, if the statute is ambiguous, "we must look at the history, scope, context, subject matter, and object of the statute." *Id.* "Statutory language is ambiguous if reasonably well-informed individuals could differ as to its meaning." *State v. Kirch*, 222 Wis. 2d 598, 602–03, 587 N.W.2d 919 (Ct. App. 1998). Accordingly, we turn to the language of § 66.60(12)(a) and (b), which provides in relevant part:

> If any person having an interest in any parcel of land affected by any determination of the governing body . . . feels aggrieved thereby that person may, within 90 days after the date of the notice or of the publication of the final resolution pursuant to sub. (8)(d), appeal therefrom to the circuit court of the county in which such property is situated by causing a written notice of appeal to be served upon the clerk of such city, town or village . . . .

> (b) Such appeal shall be tried and·determined in the same manner as cases originally commenced in such court, and costs awarded as provided in s. 893.80.

267

¶ 5.   A proceeding challenging a special assessment is a special proceeding. *See Outagamie County v. Greenville*, 2000 WI App 65, ¶ 7, 233 Wis. 2d 566, 608 N.W.2d 414. In *DOT v. Peterson*, 226 Wis. 2d 623, 633, 594 N.W.2d 765 (1999), our supreme court said:

> We have long adhered to the rule that strict compliance with procedural statutes is necessary to obtain jurisdiction to review [special proceedings]. However, a companion rule is that the statutes must clearly set forth the procedural requirements necessary to pursue such review.
>
> As we have previously said, where a procedural statute lacks specific direction clearly indicating who is to be served with notice, an ambiguity exists. Additionally, where an ambiguity exists [p]rocedural statutes are to be liberally construed so as to permit a determination upon the merits of the controversy if such construction is possible.
>
> The upshot of these maxims is that where a procedural statute does not provide specific direction for compliance, the ambiguity is to be resolved in favor of the person appealing the condemning entity's award of damages. (Citations omitted.)

We have found WIS. STAT. § 66.60(12)(a) to be ambiguous. *See Greenville*, 2000 WI App at ¶¶ 10, 12. Although § 66.60(12)(a) sets forth a process to initiate an appeal of a special assessment, it does not fully describe that process. *See id.* Specifically, it does not prescribe how the appeal is to be filed in the circuit court. *See id.* at ¶ 12. With this background in mind, we examine the three grounds the trial court gave for determining that Mayek had failed to comply with the statute.

## 1. Summons and complaint as notice of appeal

¶ 6. The district asserts that the summons and complaint did not constitute a notice of appeal and therefore Mayek never served a notice of appeal on the clerk. The district does not identify what the notice of appeal should contain, but suggests that it should be entitled "Notice of Appeal." Mayek counters that the document must only inform that the assessment is being challenged.

¶ 7. WISCONSIN STAT. § 66.30(12)(a) requires only that a "written notice of appeal" be served on the clerk, and does not prescribe the title of the document or what it must state. Because the statute lacks specific direction, we conclude that either party's construction is reasonable and, as such, the statute is ambiguous. *See Peterson*, 226 Wis. 2d at 633. We therefore construe the statute in Mayek's favor, *see id.*, and hold that serving a summons and complaint challenging the assessment constitutes a notice of appeal.

¶ 8. Mayek reasonably treated his complaint as a notice of appeal and served it on the district's clerk as the method of obtaining service on the district. In *Greenville*, we noted that:

> Certainly, the better procedure is for an aggrieved party to first file its notice of appeal with the circuit court and then serve the notice on the appropriate party—here, the town clerk. Filing first with the circuit court would have created a court file to which the town clerk could transmit the requisite documents. However, as stated, we conclude that the County reasonably interpreted the 90-day limit as applicable to the execution of the bond and service of the notice of appeal on the town clerk, as opposed

269

to limiting the time in which to file the appeal with the circuit court.

*Id.* at ¶ 12 n.3.

■

.¶ 9.   Moreover, Mayek's summons and complaint satisfy one of the purposes of the notice of appeal: to notify the district that the assessment is being appealed.[5] Mayek's documents inform that he was seeking review of the district's decision. Mayek's complaint clearly challenged the special assessment, alleging that the "special assessment is unlawful and without merit." The amended complaint specifically stated that Mayek "appeals the decision of the [district] pursuant to Sec. 66.60(12) Stats." The documents also gave the district more information concerning the dispute than would a notice of appeal that states only that a property owner is appealing an assessment. Further, by filing a complaint, Mayek has initiated an action and the circuit court had a file to house any documents it received from the district.

2.   Timeliness of the appeal

¶ 10.   The district next contends that because Mayek's initial appeal was premature, it was not timely and must be dismissed. The district also claims

---

[5] Without citation to authority, the district contends that the purpose of a notice of appeal is not to advise the opposing party of the appeal, but rather to allow it to investigate or conduct settlement negotiations before filing a lawsuit. We disagree. Presumably, the time for the district to consider and address the concerns of affected property owners and conduct such additional investigation or modify its plans is after the public hearings it held under WIS. STAT. § 66.60, and not after passing its "final resolution" levying the assessment.

that the amended complaint did not save the appeal because it was not timely served on the clerk. Mayek asserts that he served the clerk with the notice of his appeal well within ninety days. In that regard, he contends that he personally knew of the district's adoption of the final resolution on August 12, the date on which he filed his complaint and served the district's clerk with his summons and complaint.

¶ 11. WISCONSIN STAT. § 66.60(12)(a) requires that the notice of appeal be served upon the clerk "within 90 days *after* the date of the notice or of the publication of the final resolution pursuant to sub. (8)(d). . . ." (Emphasis added.)[6] The notice referred to in § 66.60(12)(a) is not Mayek's personal knowledge, but the copy of the final resolution that the district is required to mail to every interested person under § 66.60(8)(d).[7] The statute thus sets dates certain from which the time limit proceeds rather than a more ephemeral date such as when a property owner knows of the assessment. Moreover, the assessment made in the final resolution is not "legally authorized and made" until the district publishes the final resolution. WIS. STAT. § 66.60(8)(e).[8] The ninety-day period thus

---

[6] WISCONSIN STAT. § 66.60(8)(d) provides:

The city, town or village clerk shall publish the final resolution as a class 1 notice, under ch. 985, in the assessment district and a copy of such resolution shall be mailed to every interested person whose post-office address is known, or can be ascertained with reasonable diligence.

[7] We assume, because there is no indication in the record, that the notice of the final resolution was mailed to Mayek contemporaneously with the publication of the final resolution.

[8] WISCONSIN STAT. § 66.60(8)(e) provides:

When the final resolution is published, all work or improvements therein described and all awards, compensations and assessments

does not commence until the district publishes its final resolution or mails notice of the final resolution to interested persons.[9]

¶ 12. The district did not mail or publish the final resolution until after Mayek had served his notice of appeal. Mayek's appeal was therefore served prematurely.

¶ 13. We have termed the ninety-day period in WIS. STAT. § 66.60(12)(a) a period of limitations: A notice served more than ninety days after publication of the assessment is untimely, and a property owner's appeal rights are foreclosed. *See Gamroth v. Village of Jackson*, 215 Wis. 2d 251, 258–59, 571 N.W.2d 917 (Ct. App. 1997). In *Gamroth*, we said "parties must strictly comply with § 66.60(12)(a), which establishes a 90-day limit for commencing an appeal of an assessment in the circuit court." *Id.* at 259. Our courts, however, have not addressed the effect of serving the notice of appeal after having personal knowledge of the governing body's action, but before the date of publication. All of the cases dismissing an appeal for failing to comply with the time limitation in § 66.60(12)(a) have involved a notice of appeal served after the limitation has run. *See, e.g., Bialk v. City of Oak Creek*, 98 Wis. 2d 469, 473, 297 N.W.2d 43 (Ct. App. 1980); *Bornemann v. City of New Berlin*, 27 Wis. 2d 102, 109–11, 133 N.W.2d 328 (1965). Those cases are inapposite because Mayek served his notice of appeal on the clerk before the statu-

---

arising therefrom are deemed legally authorized and made, subject to the right of appeal under sub. (12).

[9] We recognize that the date of mailing may be different from the date of publication of the final resolution. Because the statute authorizes filing of the notice of appeal from either date without specifying which controls, it appears that the later date would trigger the 90-day period.

tory period began, but after Mayek knew the district approved the assessment.

¶ 14. Mayek directs us to WIS. STAT. § 808.04, which he contends evinces a legislative intent to save appeals filed prematurely. The district responds that this section applies only to appeals to the court of appeals, and not special proceedings. We agree with Mayek.

¶ 15. We conclude that the legislature, by enacting WIS. STAT. § 801.01(2), intended that WIS. STAT. § 808.04(8) apply to special proceedings. Section 801.01(2) informs:

> Chapters 801 to 847 govern procedure and practice in circuit courts of this state in all civil actions *and special proceedings* whether cognizable as cases at law, in equity or of statutory origin except where different procedure is prescribed by statute or rule. Chapters 801 to 847 shall be construed to secure the just, speedy and inexpensive determination of every action and proceeding. (Emphasis added.)

Because WIS. STAT. § 66.60(12) does not address whether a prematurely filed notice of appeal requires that an appeal be dismissed, § 808.04(8) controls.[10]

---

[10] Our decision is in accord with Professor Sutherland's observation on statutory construction:

> General and special acts may be in pari materia. If so, they should be construed together. Where one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible; but if there is any conflict, the latter will prevail, regardless of whether it was passed prior to the general statute, unless it appears that the legislature intended to make the general act controlling. (Footnotes omitted.)

2B NORMAN J. SINGER, SUTHERLAND, STATUTORY CONSTRUCTION § 51.05 (5th ed. 1992).

Section 808.04(8) provides: "If the record discloses that the judgment or order appealed from was entered after the notice of appeal was filed, the notice of appeal shall be treated as filed after such entry and on the day thereof."

¶ 16. We recognize that WIS. STAT. § 808.04(8) refers only to appeals of judgments or orders, while WIS. STAT. § 66.60 refers to a "final resolution." In special proceedings, however, the "final resolution" is the equivalent of a judgment or order. It is a decision subject to appeal. As such, given WIS. STAT. § 801.01(2)'s directive that the circuit court's procedure and practice in special proceedings be governed by § 808.04(8), we harmonize the statutes in effect to read "final resolution authorizing the levy of a special assessment" into § 808.04(8). *See Boatright v. Spiewak*, 214 Wis. 2d 507, 522, 570 N.W.2d 897 (Ct. App. 1997) ("Statutes that address the same subject matter must be read together and harmonized to give each statute full force and effect.").

¶ 17. The legislature clearly mandated that WIS. STAT. chs. 801 to 847, which includes ch. 808, govern the procedure and practice in the circuit courts in all special proceedings. Circuit courts function as appellate courts in a number of special proceedings, and the legislature intended that the provisions of ch. 808 apply when a circuit court acts in such a capacity. Otherwise, the legislative direction that ch. 808 govern the circuit court's practice and procedure in certain special proceedings would be meaningless, a result we are to avoid. *See State v. Setagord*, 211 Wis. 2d 397, 427, 565 N.W.2d 506 (1997) ("Statutes are to be construed to avoid rendering any part of the statute meaningless or superfluous.").

¶ 18.   Moreover, the instant situation is similar to that addressed by WIS. STAT. § 808.04(8). Subsection (1) provides that an appeal "must be initiated within 45 days of entry of judgment or order appealed from . . . ." The time limit commences upon the entry of the judgment or order irrespective of the date a party has actual notice of the decision. An appeal initiated before that date is premature. Subsection (8) directs us to treat the prematurely filed appeal as though it has been timely filed. In the special proceeding, Mayek initiated his appeal before the district's mailing or publication of the final resolution, but after he was aware of the district's decision, resulting in a prematurely filed appeal. Applying § 808.04(8) here results in a determination that his appeal was timely.

¶ 19.   Our construction also furthers the legislature's purpose. The legislature intended "to avoid the delay, confusion and prejudice which can result from dismissing appeals solely because they are filed before the judgment or order appealed from is entered." Judicial Council Note 1992, WIS. STAT. § 808.04.

■

¶ 20.   Finally, Mayek's "Amended Notice of Appeal" was filed with the court and served on the district's attorney on the eighty-ninth day after publication of the final resolution. Although Mayek did not serve it upon the district's clerk until later, service on the district's attorney was adequate under WIS. STAT. § 801.14(2). Mayek initially served the district's clerk and the district, through counsel, answered the complaint. Section 801.14(2) permitted him to serve the amended pleadings upon the attorney.

### 3. Service on the clerk

¶ 21.   Mayek contends that the district is a separate and distinct governmental body with the power to levy special assessments and, accordingly, it was appropriate to serve its clerk rather than the clerk of a city, town or village as denominated in the statute. The district responds that WIS. STAT. § 66.60(12) required Mayek to serve the clerk of a city, town or village as opposed to the district's clerk and that because he failed to do so the action must be dismissed. Section 66.60(12) by its terms references only service upon the clerk of a city, village or town. The district claims that had the legislature intended service could be made upon a sanitary district's clerk, it would have so provided.

¶ 22.   The district's argument proves too much. Using the same reasoning, the district was arguably without power to levy a special assessment under WIS. STAT. § 66.60. Subsection 66.60(1)(a) provides in part:

> [A]ny city, town or village may, by resolution of its governing body, levy and collect special assessments upon property in a limited and determinable area for special benefits conferred upon such property by any municipal work or improvement; and may provide for the payment of all or any part of the cost of the work or improvement out of the proceeds of such special assessments.

The district is not a city, town or village, nor is its commission the governing body of a city, town or village. Thus, under the district's narrow construction, it arguably was not authorized to levy the special assessment: Only the Town of Belle Plain's board could levy the assessment.

██

¶ 23. In any event, WIS. STAT. § 60.77(5)(f) informs on both the district's power to levy the assessment and the appropriate clerk to be served. Section 60.77(5)(f) grants sanitary districts the power to "levy special assessments to finance the activities of the district, using the procedures under s. 66.60."[11] The legislature intended that § 66.60's procedure for levying special assessments apply to sanitary districts. Section 66.60 is to be read in pari materia with § 60.77. *See Boatright*, 214 Wis. 2d at 522 ("Statutes that address the same subject matter must be read together and harmonized to give each statute full force and effect."). Thus, we read "sanitary district" into § 66.60's references to "cities, towns or villages" to effectuate the legislature's intent.

¶ 24. Moreover, the legislative scheme contemplates that it is the clerk of the body levying the assessment that is to receive the notice of appeal. WISCONSIN STAT. 66.60(12)(a) provides in part:

> The clerk, in case such appeal is taken, shall make a brief statement of the proceedings had in the matter before the governing body, with its decision thereon, and shall transmit the same with the original or certified copies of all the papers in the matter to the clerk of the circuit court.

The governing body here was the sanitary district commission. Its clerk, not that of the Town of Belle Plaine, would have had the information in its possession to comply with the statute's requirement.

---

[11] Although neither party cites us to WIS. STAT. § 60.77, the district's "Preliminary Resolution" regarding this assessment stated that the district was proceeding under WIS. STAT. §§ 60.77(5)(f) and 66.60.

## CONCLUSION

¶ 25. We determine that Mayek's summons and complaint challenging an assessment constitutes a notice of appeal for purposes of complying with WIS. STAT. § 66.60(12). We conclude that his prematurely served notice of appeal is to be treated as timely filed. Finally, we hold that it was appropriate for Mayek to serve the district's clerk. Accordingly, the order is reversed.

*By the Court.*—Order reversed and cause remanded.